PETITION OF CITY OF NEWPORT ET AL. *v.* CITIZENS UTILITIES CO.

(70 A2d 590)

November Term, 1949.

Present: SHERBURNE, C.J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.
Opinion filed January 3, 1950.

*Fred E. Gleason* and *Milton S. Gould* (of the New York City bar) for the appellant.

*Clifton G. Parker,* Attorney General, for the State of Vermont.

JEFFORDS, J. This is an appeal from an order of the public service commission. From the findings of fact it appears that the Citizens Utilities Company, hereinafter called the company, on February 18, 1948, filed with the commission revised rates for electric service which were in effect increases and that these rates were duly protested. The new rates went into effect on March 19, 1948, by the filing of the required bond.

The commission found that these new rates are not just and reasonable. It then found the rate base on which the company was entitled to earn a return. It found that a return on this rate base of 6% is just and reasonable. It made findings as to the operating revenue of the company under its rates prior to the increase and found the necessary amount to be added thereto to provide the operating income necessary to cover the 6% rate of return. The commission then set forth rate schedules in its order which it found would produce the required operating income in a normal water year. It found that such rate schedules were just and reasonable.

The only exception set forth by the company in its bill of exceptions which is here urged is to certain findings of fact made by the commission. It is claimed on the part of the State, which opposed the increase in rates and by its attorney general briefed and argued the case in this Court, that the exception is too general to be available here as no particular finding is pointed out and no particular fault is indicated. It cites several of our cases in support of its claim.

The exception is very poorly worded. If the language and punctuation used to set it forth were to be given a strict literal construction, the result would be as claimed by the State. But although its form is bad, it is clear that it was intended as an exception both to the finding that a rate of return of 6% is just and reasonable and to the order carrying this finding into effect on the ground that neither is warranted by the evidence. Although this finding is not mentioned specifically by number or recited, it is apparent that it was intended to have the exception apply thereto,

as it is the only one in which the rate of return of 6% is mentioned. The particular fault pointed out is that the finding is not warranted by the evidence. In determining the sufficiency of the exception, the fact that the findings and the order were not filed separately but are contained in one document is taken into consideration. Although the exception is defective in form, we are of the opinion that in substance it is sufficient to pass the tests required by our cases dealing with this subject matter.

No exception to the order is briefed, and there is no available exception to the other findings, so we need to give our attention only to the question of whether the finding that a return of 6% is just and reasonable is warranted by the evidence.

■ In order for a finding to be warranted by the evidence, there must be substantial evidence in the case to support it. *D'Amato* v. *Donatoni,* 105 Vt 496, 502, 168 A 564; *Farmers Exchange* v. *Lowney Co.,* 95 Vt 445, 451, 115 A 507. This general rule is followed and applied to a finding by a public service commission. *Sabre* v. *Rutland R. R. Co.,* 86 Vt 347, 368, 85 A 693, Ann Cas 1915C, 1269; *Ohio Bell Tel. Co.* v. *P. U. Com.,* 301 US 292, 57 S Ct 724, 81 L ed 1093; *Norwegian Nitrogen Prod. Co.* v. *U. S.,* 288 US 294, 53 S Ct· 350, 77 L ed 796 at 809; 43 Am Jur 724-727 inc.

The State in its brief neither states evidence nor refers us to any by transcript reference in support of the finding that a return of 6% is just and reasonable. If there is substantial evidence to support this finding the order of the commission would be affirmed. If not, the cause would of necessity be remanded, with the attendant expense and delay. In order to determine this important question, and to the end that no injustice be done to either the company or the consumers, we have searched the transcript to determine whether there is such evidence in the case, a duty not required of this Court. The search was barren in its results. There is no such evidence.

■ The State cites *Federal Power Co.* v. *Hope Natural Gas Co.,* 320 US 591, 64 S Ct 281, 88 L ed 333, in support of its statement that the result reached and not the method employed should control in determining what is a just and reasonable rate. But as pointed out in *Petition of N. E. Tel. & Tel. Co. Re Increased Rates,* 115 Vt 494 at 502, 66 A2d 135, although this case held that a commission was not bound to the use of any single formula or

combination of formulae in determining rates it is not thereby relieved from the duty to disclose the "method employed" to reach the prescribed rates, so that the validity of its conclusions may be tested by judicial review. In the Hope case the company contended that it should be allowed a return of not less than 8%. The commission found that an 8% return would be unreasonable but that 6½% was a fair rate of return. The commission set forth many and various reasons on which it based its conclusion as to a fair rate of return. The Supreme Court held that in view of these stated reasons, it could not say that the annual return to the company which would produce 6½% on its rate base was not just and reasonable. Thus it is seen that in the Hope case the commission fully disclosed the method it used in determining a just and reasonable rate of return. In the present case no such method is disclosed, nor could it well be without evidence on which to base it.

█ The State relies on the presumption that the 6% rate of return is just and reasonable. But this presumption is a rebuttable one, *Northern Pac. R. Co.* v. *North Dakota,* 236 US 584, 35 S Ct 429, 59 L ed 735, LRA 1917F 1148, Ann Cas 1916A 1, and it cannot prevail when, as here, there is no evidence to support the finding. *Petersburg Gas Co.* v. *Petersburg,* 132 Va 82, 110 SE 533, 20 ALR 542.

The president of the company testified that a rate of return of 8.6% was required for the company to carry on its business. He gave his reasons in considerable detail for reaching this conclusion. The State cites several of our cases in support of its claim that the commission was not bound by this testimony in determining the question of a reasonable rate. It is true that the commission was not required to accept this figure as the rate of return to be allowed. But this right of rejection as to the 8.6% return did not obviate the requirement that there be substantial evidence on which to base the conclusion that a 6% rate was just and reasonable. *Taylor* v. *Henderson,* 112 Vt 107, 116, 22 A2d 318.

█ In support of the finding in question the State says that the company has not raised the question of confiscation. But it was not necessary so to do in order to test the validity of the finding by its exception as taken. By sec. 9368, Rev. 1947, it is provided that when upon hearing rates are found to be unjust or unreasonable the commission may order and substitute therefor

such rates as it shall find at the hearing to be just and reasonable. It is apparent from what we have said in this opinion and in the Telephone case, supra, that the finding by the commission as to just and reasonable rates provided for by the statute must not be arbitrary or capricious whether as to the rates set forth in the order or to the rate of return on which they are based. As shown in the Telephone case the rates allowed are dependent in amount upon the rate of return which must be determined from all the evidence in the case. Thus the statute, in effect, guarantees to a public utility company that the rates found by the commission to be just and reasonable shall so be in fact and in law under the tests applied on judicial review. It also, by necessary implication, gives the same guaranty as to the rate of return on which the rates are based. The company could insist upon this right and did not need, in addition thereto, a claim of confiscation.

*The order of the commission is reversed pro forma and the cause is remanded for a hearing de novo in accordance with the views herein expressed.*