CORA P. NELSON *v.* PUBLIC SERVICE COMMISSIONERS ET ALS.

(83 A2d 505)

May Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 2, 1951.

*Finn, Monti & Davis* for the petitioner.

*Clifton G. Parker,* Attorney General, for the petitionees (Commissioners).

SHERBURNE, C. J. This is a petition for a writ of mandamus to compel Paul A. Chase and William F. Sinclair, surviving members of the public service commission as constituted in August and September, 1948, to pass upon certain requests of the petitioner, Cora P. Nelson, for additional findings of fact in the matter of the

Petition of Medlar's Express for a general good certificate authorizing motor truck operations over a certain route, and to permit the said Nelson to take and file such exceptions as she may deem proper upon the disposition of such requests. The petition also asks that she be permitted, by exception or otherwise, to appeal that cause to this Court, and for other and further relief. The case has been heard upon the demurrer to the petition.

It appears from the petition that a hearing was had on August 24, 1948, in the matter of the Petition of Medlar's Express, at which said Nelson was represented by attorney and took certain exceptions to the rulings of the commission. After such hearing the commission made findings of fact and incorporated a certificate that the motor truck operations of Medlar's Express over the route specified will promote the general good of the State. Such findings and certificate were dated and filed on September 2, 1948. On September 11, 1948, Nelson filed exceptions to the findings and requested the commission to make certain additional findings, and through her attorney advised the commission by letter, dated September 10, 1948, in which were enclosed such exceptions and requests for additional findings, as follows:

> "When you have passed upon our Requests for Additional Findings, would you please advise me and of your views with respect thereto. I intend to file a bill of exceptions as soon as these matters have been disposed of, if you finally determine the cause against our client.
>
> "We hereby order a transcript of the evidence in this cause and we would appreciate it if you would please treat this as an order to your clerk for such transcript. If you desire any deposit to cover the expense of the same, we would be glad to forward it but we personally guarantee the expense of such transcript."

By letter dated September 17, 1948, petitionee Chase, chairman of the commission, advised such attorney as follows:

> "Referring to your letter of September 10th, I find that the transcript hasn't been made yet and I have written to those who appeared in the case requesting if they too want a copy.

"I do not see how we can do anything about your Requests for Additional Findings until we do get the transcript."

Thereafterwards, on or about November 30, 1949, such attorney made inquiry of the commission concerning the transcript, as he had not received it, and was informed by the commission that Nelson had waived her exceptions because she had not taken an appeal. Then followed correspondence between Chase and the attorney, in which the attorney stated that it was his view that an order could not be handed down nor an appeal taken by Nelson until her requests for additional findings had been disposed of, and in which Chase stated that Nelson's attorney had never excepted to the order inserted in the findings, and that he did not see how he could do anything at that late date about passing on such requests though exceptions to the findings had been seasonably filed. Thereupon Nelson's attorney procured a transcript from the official reporter of the commission, and by letter of April 1, 1950, informed Chase that he would file it with the commission, and on April 27, 1950, filed a motion asking for the disposition of such requests by the petitionees as surviving members of the commission as constituted when the order was made, which motion was denied by them on May 1, 1950, upon the grounds that the order of the commission was not excepted to and no request had been made to stay it before it became final, and that it had become final and that the members of the commission who made the order had no jurisdiction to modify, amend or vacate it, to all which Nelson filed exceptions.

The certificate attached to the findings in the Petition of Medlar's Express was a final order under the provisions of V. S. 47, §§ 9386-9389. At the time this order was made it seems to have been the practice of the commission to attach its final order to the findings of fact in cases heard by it. This is instanced by *Petition of New England Tel. & Tel. Co.*, a case reported in 115 Vt 494, 66 A2d 135; and by *City of Newport* v. *Citizens Utilities Co.*, reported in 116 Vt 103, 70 A2d 590. Upon becoming aware of this practice we advised the members of the commission to follow the procedure of the court of chancery, and not to file any final order in a contested case until after the interested parties have been given an opportunity to file exceptions to the findings. We understand that this is the procedure now followed.

 Under V. S. 47, § 2128, a cause before the commission may be brought to this Court upon exceptions in the same manner as from the county court. The time for filing a bill of exceptions is governed by V. S. 47, § 2120, which allows thirty days from the filing of a final order, judgment or decree unless a longer time is fixed. See *Notte* v. *Rutland Railroad Co.,* 112 Vt 305, 308, 23 A2d 626. Unless a bill of exceptions is so filed it is of no avail, *Sherwin* v. *Ladd,* 95 Vt 187, 113 A 522, and there is no statutory right of review.

 No claim is made that the petitioner filed a bill of exceptions or requested an extension of time to file one. Whatever authority the commission may now have to amend or revoke the certificate under V. S. 47, § 9388 does not apply to petitionee Chase, as he ceased to be a member of the commission on October 1, 1948, and the statute does not give petitionee Sinclair, acting alone, that authority. The petitionees have now no power to act upon the requests for additional findings. Furthermore, since the certificate was a final order, V. S. 47, § 9287, which provides that when a member of the commission who hears all or a substantial part of a case retires from office, he shall remain a member for the purpose of concluding and deciding the case, does not give petitionee Chase power to act upon such requests either before or after its amendment by No. 220 of the Acts of 1949.

If the petitioner ever had a remedy by certiorari because her right to appeal has been lost through inadvertence, accident or mistake, as stated in 14 CJS 189, it is not now available because not commenced within one year after the filing of the certificate. V. S. 47, § 2135. She should not have waited more than a year before again contacting the commission about the transcript and her requests for additional findings.

 The petitionees do not now have the power to perform the acts prayed for. Mandamus lies to compel a party to do only that which it is his duty to do without it, and to be coerced he must have the power to perform the act. *Page* v. *McClure,* 79 Vt 83, 89, 64 A 451.

*Demurrer sustained, petition adjudged insufficient and dismissed with costs.*