## In Re: Petition Milton Water Corporation

[218 A.2d 710]

February Term, 1966

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 5, 1966

*A. Pearley Feen* for water company.

*Joseph E. Frank* for the public.

**Shangraw, J.** On September 16, 1964 the Milton Water Corporation filed with the Public Service Board a schedule for an increase in certain water rates and charges to become effective November 1, 1964. The proposed increase in rates was estimated to produce additional revenue of approximately $1600.00 per year.

On November 5, 1964, the Public Service Board issued its order reciting the fact that the corporation had filed on September 16, 1964 a change in its existing rates and tariff, which change increased certain of its rates and charges for service. The order stated that the board believes that an investigation and hearing on the justness and reasonableness of the rates and charges will be in the public interest, and that the board will investigate the rates and charges of the corporation to determine whether such rates and charges are just and reasonable.

While the petitioner claims that it did not have notice that an investigation and hearing was to be held on the justness and reasonableness of the rates and charges of the corporation, the record discloses that on November 10, 1964, petitioner received a copy of the order of the Public Service Board directing such investigation.

A hearing was held on March 30, 1965, at Milton, Vermont, and one on April 9, 1965, at Montpelier, Vermont. Counsel for the public and for the Milton Water Corporation each filed requests for findings of fact.

The board filed its Findings and Order of September 29, 1965, from which the corporation filed a timely notice of appeal. The order required the corporation to file a revised rate schedule to reduce its revenues by a specified sum, and install new chlorination equipment. It read as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DE-CREED:

(A)  That the petition of the Milton Water Corporation filed on September 16, 1964 for an increased water rate schedule is denied.

(B)  That on or before November 1, 1965 the Milton Water Corporation file with this Board for its approval a revised schedule of rates to go into effect starting with the quarter ending December 31, 1965 and that said revised schedule of rates be designed to produce $1,100.00 less in revenues to the corporation than was produced in 1964.

(C)  That the revised schedule of rates be constructed so as to give effect to the findings of this Board, with particular attention being directed to giving a reduction in the rate charged to schools.

(D)  That on or before November 15, 1965 the Milton Water Corporation install new chlorination equipment at both the pond and the pump house, said installation to be approved by an engineer of this Board.

Dated at Montpelier, County of Washington, State of Vermont this 28th day of September, A.D. 1965."

The findings reveal that to the date of the hearings the corporation continued to charge on the basis of the rates in effect prior to November 1, 1964.

Under the provisions of 30 V.S.A. section 203, sub-section (3) the

Public Service Board has general supervision of a company other than a municipality engaged in the collecting, sale and distribution of water for domestic, industrial, business or fire protection purposes. By 30 V.S.A. § 209 the board has jurisdiction, among other things, to hear, determine, render judgment and make orders and decrees respecting the purity, quantity, or quality of any product furnished or sold; the price, toll, rate or rental charged by any company; and also respecting the sufficiency and maintenance of proper systems, plants, conduits, appliances, etc.

30 V.S.A. §216 as it relates to charges, rates, and hearings, in part provides:

> "When upon hearing, the rates, tolls, charges or schedules are found unjust, unreasonable, insufficient or unjustly discriminatory, or are found to be preferential or otherwise in violation of a provision of this chapter, the commissioner may order and substitute therefor such rates, tolls, charges or schedules, and make such changes in any regulations, measurements, practices or acts of such company relating to its service, and may make such order as will compel the furnishing of such adequate service as shall at such hearing be found by it to be just and reasonable."

This authority to substitute rates and schedules is available to the commission when companies undertake to change their rates by filing new schedules under the provisions of 30 V.S.A. §§ 223 and 224. As stated in *Carpenter v. Home Telephone Co.,* 122 Vt. 50, 54, 163 A.2d 838, "It is also available for proceedings brought under 30 V.S.A. § 208, which specially provides that the commission has authority, either at the request of a municipal governing body, or of its own motion, to investigate existing rate schedules."

Under the provisions of 30 V.S.A. §223 new rate schedules must be filed with the board thirty days prior to the time the same are to take effect. Under the authority of 30 V.S.A. §224 the board in its discretion may order that such change in rates shall not go into effect until the final determination of the proceedings so instituted. If suspension is so ordered, 30 V.S.A. §225 (a) directs that the board shall proceed to hear the matter as promptly as possible and shall make its determination within six months from the date that the change otherwise would have gone into effect.

30 V.S.A. §225 (b) provides: "The board, on its own motion, may order an investigation and hearing on the justness and reasonableness of existing rates of a company, subject to supervision under this chap-

ter." The statute goes on to state that: "The board shall proceed to hear the matter as promptly as possible and shall make every effort to make its determination within six months from the date the proceeding was instituted." If the board does make its determination within such six months then its final order shall be retroactive to the day the proceedings were instituted, and may order the company to repay all sums collected within six months prior to the determination in excess of the rates ultimately found to be just and reasonable.

■ The Public Service Board has the power and duty to prevent unjust discrimination in rates charged by a public utility in this State, and to substitute rates found to be just and reasonable for those found to be unjustly discriminatory. *Petitions of New England Tel. & Tel.* 116 Vt. 480, 519, 80 A.2d 671. *Carpenter* v. *Home Telephone Co.*, supra, pages 52-3. However, rate schedules on file with the board remain in force until changed in the manner prescribed by statute. *Jones* v. *Montpelier,* 96 Vt. 397, 402, 120 Atl. 103.

■ Statutory procedures must likewise be followed by the board when, on its own motion, hearings are ordered and held to determine whether existing rates of a utility are just and reasonable.

The rate schedule filed on September 16, 1964 was not ordered suspended by the board and by its terms went into effect on November 1, 1964. 30 V.S.A. §224 (a) authorizes the board on its own motion to order an investigation and hearing on a rate change, which order must be at least six days before such rate schedule is to become effective. In this case the order was made November 5, 1964, five days after the effective date of the new rate schedule. The newly filed rate schedule thereby became effective, November 1, 1964, and neither higher nor lower rates could be charged than those specified therein. See, *Hall* v. *Swanton,* 113 Vt. 424, 427-8, 35 A.2d 381; *North* v. *City of Burlington,* 125 Vt. 240, 214 A.2d 82, and cases cited.

The findings, which stand unchallenged, refer to the rate schedule in effect on November 1, 1962, together with the schedules filed on September 16, 1964, effective November 1, 1964. The board used year-end 1964 as the proper date for the determination of rate base, and the calendar year 1964 for a determination of Operating Revenues, and Operating Revenue Deductions. In its determination of the reasonableness of rates to be charged, the board considered the following factors: (1) gross earnings; (2) operating expenses; (3) rate base-net value of property on which return should be earned; (4) rate of return. *Letourneau* v. *Citizens Utilities Company,* 125 Vt. 38, 48, 209 A.2d 307, and cases cited.

In its consideration of all factors incident to a fair and reasonable rate of return, it is apparent from the findings that the board considered revenues received during 1964 under the rate schedule which went into effect November 1, 1962. On this basis the board ordered that the corporation file a revised schedule of rates designed to produce $1,100.00 less in revenues to the corporation than was produced in 1964.

The appellant utility contends in its brief that on its application for an increase in rates, the Public Service Board had no legal authority or jurisdiction in this rate proceeding to order a reduction in the old schedule of rates effective November 1, 1962. The new rates were filed under the provisions of 30 V.S.A. §223, and not having been suspended went into effect November 1, 1964. No investigation and hearing on the justness and reasonableness of a change in rates, as evidenced by the schedules, was ordered by the board six days prior to the effective date of the schedules as required by 30 V.S.A. §224 (a).

Once the change in rates became effective the board's authority to grant or deny the schedule of November, 1964 was at an end and the provision of its order purporting to deny the petition for increased rates was without authority.

But since the schedule of November 1, 1964 was the existing rates in effect on November 5th when the present proceedings were ordered, the Public Service Board was acting within the power granted by 30 V.S.A. §225 (b) to act on its own motion and "order an investigation and hearing on the justness and reasonableness of existing rates" of any company subject to its supervision. See also 30 V.S.A. §§209-216, supra.

In order to prevent the operations of the rates existing on the date the proceedings were commenced, the board was required to complete its investigation and make its determination within six months after the proceedings were commenced, or May 5th, 1965. Since the final order of the Public Service Board did not issue until September 29th, 1965, by force of the provisions of §225 (b), the rates ordered by the commissioner shall be retroactive to May 5th, 1965.

In summary, the petitioner is entitled to charge according to its petition filed September 16, 1964, effective November 1, 1964, until May 5, 1965. For that period the new schedule provided the lawful rates. Thereafter, the company can lawfully charge only according to the revised schedule ordered according to the revised paragraph (B) of the board's order filed September 29, 1965.

The Public Service Board has the power and duty to prevent unjust discrimination in rates charged by a public utility in the State and to substitute rates found to be just and reasonable for those found to be unjustly discriminatory. *Petitions of New Eng. Tel. & Tel.*, 116 Vt. 480, 519, 80 A.2d 671. In substance and effect, that is what the Public Service Board has ordered in this proceeding. In so doing it was acting within the jurisdiction conferred upon it by statute.

*Paragraph (A) of the order of the Public Service Board filed September 29, 1965 is reversed. Cause remanded for revision of Paragraph (B) in accordance with the views expressed in the opinion.*

*Let the result be certified.*