**In re Petition of Allied Power and Light Company, et al.**

[350 A.2d 360]

Nos. 164-74, 183-74

Present: Barney, C.J., Smith, Daley and Larrow, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 2, 1975

Motion for Reargument Denied January 13, 1976

■

*Thomas L. Hayes,* Burlington, for the Public.

*Mary J. Skinner,* Vermont Legal Aid, Inc., Montpelier, for Vermont Welfare Rights Organization.

*John D. Carbine* and *Donald L. Rushford,* Rutland, for Central Vermont Public Service Corp.; *Paul, Frank & Collins,* Burlington, for Green Mountain Power Corp.; *Leslie C. Pratt* of *Paterson, Gibson, Noble & Brownell,* Montpelier, for Villages of Lyndonville, Hardwick & Morrisville; *Joseph E. McNeil,* City Attorney and Corporation Counsel, Burlington, for Burlington Electric Light Department; *Joseph Palmisano,* Barre, for Washington Electric Co-Operative, Inc.; and *John H. Engel,* Stamford, Connecticut, for Citizens Utilities Company.

**Barney, C.J.** In response to a mandate from this Court, the Public Service Board reviewed the utility requests for increases in rates because of increased fuel costs. These changes in charges to consumers were undertaken under the authority of General Order No. 55, governing the use of the so-called "purchased power and fuel adjustment clause". In a case of the same name, now 132 Vt. 354, the formulation of General

Order No. 55 was invalidated insofar as it allowed rate changes without compliance with the provisions of Title 30, Vermont Statutes Annotated, relating to the institution of changed rates or rate schedules. On argument of that prior case it was urged that, in some cases, the purchased power and fuel adjustment changes made by some utilities also fulfilled the pre-existing statutory requirements. For that reason, the order of remand in 132 Vt. 354 directed the Public Service Board to examine and determine which, if any, of the purchased power and fuel adjustment changes qualified as proper statutory rate changes. They have now done so, resulting in the approval of a number of filings under General Order No. 55 as properly implemented rate increases. The results are here on appeal by the representative of the public, joined by the Vermont Welfare Rights Organization.

The Public Service Board certified the following two questions for review:

(1) Whether the filings made by certain electric utilities listed in Appendix I of the Findings and Second Supplemental Order of the Public Service Board, dated May 20, 1974, qualify as valid rates under 30 V.S.A. §§ 208, 209, 218, 219, 225, 226 and 227?

(2) Whether the Public Service Board has the power and authority to permit certain electric utilities to recover revenues they would have received under filed tariffs but for a lower court injunction?

In connection with these questions it is crucial to review the specific statutory requirements for bringing about changes in utility rates. 30 V.S.A. § 225 requires a utility to file schedules with the Public Service Board showing all rates and rules affecting rates charged for its services or product. These are available for public inspection. 30 V.S.A. § 228 requires that the schedules also be readily available to the public at the places where utility bills are paid. Rate changes come under these sections. Changes are not to be made in filed tariffs, "except upon thirty days notice to the board and such notice to parties affected by such schedules as the board shall direct."

30 V.S.A. § 226 provides that the Board, on its own motion, may order an investigation and hearing on the justness and

reasonableness of such change. Any five persons adversely affected by the change, or if less than five are affected, any person so affected may petition the Board, which must then investigate the matter and make such order as justice and law require. The balance of § 226 and § 227 set out the mechanics of rate change orders, whether the proceedings are instituted by the Board or by petition. These provisions have had extended discussion in *In re New England Telephone and Telegraph Co.*, 131 Vt. 310, 305 A.2d 598 (1973). 30 V.S.A. §§ 208, 209, 218 and 219 confer upon the Board jurisdiction over, among other things, the rates charged, provide that such rates must be reasonable and without discrimination, and authorize the Board to initiate its own proceedings and establish, on its own authority, appropriate rates and service rules.

The Board, in its hearings on this matter, took into account not only the monthly filings under General Order No. 55, but also the widespread notice and publicity given to the original adoption of General Order No. 55. It also took evidence of the notification of the implementation of General Order No. 55 sent to utility customers when it was first put into effect, which reached customers of Central Vermont Public Service Corporation and Green Mountain Power. The general order specifically provided:

> 2(h). The Board shall retain jurisdiction over this case and upon good cause shown by any interested person shall investigate and/or hold a public hearing with respect to any matter concerning the Clause whether or not such matter is raised prior to the 90 day period specified in paragraph 2(f) above.

Paragraph 2(f) related to the expiration date of General Order No. 55. It provided that its provisions might be extended by any utility if a petition to that effect was filed with the Public Service Board within ninety days prior to the termination date. A public hearing would then be called, and counsel appointed to represent the public. Other utilities could join in the petition.

General Order No. 55 called for filing, by utilities using the clause, the monthly calculations which generated, under the clause, the factor which, applied to the previously filed tariffs, yielded the electric bill adjusted for purchased power and fuel

costs. In its considerations under the previously noted mandate of this Court, the Board reviewed these filings as potentially qualified as rate filings under 30 V.S.A. § 225. Those it found in other respects qualified, after extensive hearings, it ordered as valid rate increases effective thirty days from the date of filing with the Board. This was intended to bring them into compliance with the thirty-day requirement set out in 30 V.S.A. § 225. The amounts of uncollected revenue were then calculated on that basis, and a schedule of recovery over a period of time from the utility customers ordered.

On review, the Board's findings of fact must be accepted here unless clearly erroneous. 30 V.S.A. § 11 (b). Since it is the same standard as applies to findings of fact of a trial court under V.R.C.P., we must accept them in the presence of supporting evidence. *Petition of Green Mountain Power Corp.*, 131 Vt. 284, 303, 305 A.2d 571 (1973).

■ A substantial portion of the appellants' attack on the order in this case rests on the unquestionable premise that the monthly calculations validated by the Board as proper and supportable rate filings were not furnished to the Board strictly as intended rate filings under 30 V.S.A. § 225. Even though this cannot be questioned, this Court does not view that circumstance as one of critical or controlling importance. It is important to recall that the actions of the utilities with respect to these filings were based upon a then presumably valid order of the ·Board. All of the evidence in the case clearly points out that the utilities were seeking relief from the burdens of inordinately and unexpectedly increasing purchased power and fuel costs. To say that they sought relief as improperly directed by their regulatory agency totally disqualifies them from all relief, even though their actions might conform to acceptable statutory standards, would be unjust indeed. It is for this very reason our mandate directed the Board to examine the filings to see if they met the formal requisites of Title 30. Therefore, the issue of the intent of the utilities at the time of filing is of little significance in testing the validity of the Board's order.

■ The critical attack on the Board's validation of the various filings relates to the issue of notice. It is the position

of the appellants that Title 30 requires direct notice to the customers of every rate change. In fact, 30 V.S.A. § 225 leaves that to the decision of the Board. Without an order from the Board public notice is accomplished by filing with the Board under 30 V.S.A. § 225, and kept on file in a form readily accessible to the public a copy of its schedule at every place where consumers or users make payments to the utility, under 30 V.S.A. § 228.

The decision in *Jones* v. *Montpelier and Barre Light and Power Co.*, 96 Vt. 397, 401–03 (1923) provided that notice to the Public Service Commission (now Board) was all the public notice required under G.L. § 5066, as amended by No. 129 of the Public Acts of 1919 (now 30 V.S.A. § 1225). The opinion was filed March 2, 1923, and by March 31, 1923, the Legislature had amended the section to include the phrase, "and such notice to parties affected by such schedules as the commission [board] shall direct," after the provision for notice by filing with thirty days notice with the Board. This would indicate first, that something more could be required by the Board with respect to those affected by the new schedule other than mere filing, if, in the judgment of the Board the situation so indicated. Second, and perhaps more important to this case, it indicated a responsibility in the Board to make a decision of some kind, even if negative, with respect to additional notice of the new schedule.

The question here is, was such a decision made concerning these filings at a time appropriate to that statutory responsibility. Clearly it could not properly be made as a sort of retroactive judgment. Therefore, we must look to the proceedings relating to General Order No. 55, to see if there was such an exercise of judgment by the Board.

Having in mind that that general order gave to persons affected by these rate schedule changes the right under 2(h) to request an investigation without providing for other notice than that contained in that general order, it seems clear that the Board made a determination that filing with the Board was sufficient formal notice. This was the Board's decision to make, and must be sustained unless illegal or improper. It is certainly supported by the doctrine of *Jones* v. *Montpelier and Barre Light and Power Co.*, *supra*, 96 Vt. at 402.

The question then becomes whether the standards of due process have been met under both the Vermont and United States Constitutions. This issue has to be viewed from the standpoint of the facts in this case. The provisions of General Order No. 55, as well as superseding General Order No. 47 with respect to purchased power and fuel adjustments, did not limit the time in which any interested person could challenge action taken under General Order No. 55. The opportunity required by constitutional standards was, at all times, there. The Board also referred to the fact that the "public", during all this period, was represented by counsel who had access and, at least, constructive notice of all of these filings. All of these issues were raised at hearings before the Board with all parties being given a right to be heard. The requirements of due process were satisfied. See *Petition of Green Mountain Power Corp., supra,* 131 Vt. at 293–94.

The appellants also challenge the right of the utilities to recoup rate increases forestalled by litigation. The claim that this is somehow the recovery of damages cannot be sustained. We view the interruption of the recovery of these increases as part of a single, uninterrupted litigation and hold that the Board's determination that the utilities concerned have shown a right to the rate relief so long in the accomplishment is full authority for the granting of that relief now. To hold otherwise would be both unfair and contrary to the policy in these cases that declares in a utility a right to those rates which are determined to be just and reasonable, and permit a fair return. *Petition of Milton Water Corp.,* 125 Vt. 487, 491–92, 218 A.2d 710 (1966).

*The two questions certified to this Court are answered in the affirmative, and the order of the Public Service Board is affirmed.*