### In re Village of Stowe Electric Department
[367 A.2d 1056]

No. 71-75

Present: **Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed December 7, 1976

*Richard C. Sargent*, Morrisville, for Department.

*Chester S. Ketcham*, Middlebury, for Public.

Billings, J. The public, through its specially assigned counsel, appeals from an order of the Public Service Board allowing the municipally owned Stowe Electric Light Department (here-

after Department) an electric utility rate increase of 27.82% above currently filed base rates.

The Department filed a petition for a rate increase of 25% on April 3, 1974. The Board suspended the proposed increase and after hearings issued findings and its order on February 20, 1975. The order was amended on March 28, 1975, and again on April 14, 1975. The Board, pursuant to V.R.A.P. 13(d), has certified nineteen questions for review, but we are limited to those which were briefed by counsel for the public. *In re Smith, Bell & Hauck Real Estate, Inc.*, 132 Vt. 295, 300, 318 A.2d 183 (1974).

■ The public claims that the Board erred when it admitted into evidence two letters from banks stating the probable interest rate the Department would be charged in the future if it borrowed money. The statements in those letters are clearly hearsay which testimony is generally inadmissible. *In re P. F.*, 133 Vt. 64, 67, 329 A.2d 632 (1974). To show reversible error, the public, in addition to showing that the letters were hearsay, has the burden of showing that the admission was prejudicial. *Towle v. St. Albans Publishing Co.*, 122 Vt. 134, 139, 165 A.2d 363 (1960). The admission of the letters was erroneous; however, other evidence on the same matter was introduced through Mr. Prahl, the Department's expert witness. Even though he indicated that he was "no cost of money" expert, no objection was made to his testimony and as such the erroneous admission of the letters was cumulative, thus the error was harmless. *Id.*

■ The public also claims that the Board erred when it allowed a rate of return based upon alleged cost of debt because there was undisputed evidence that the Department had no capital debt. The Board allowed a rate of return on equity by treating retained earnings as capital investment. 30 V.S.A. § 2923(a) allows a reasonable rate of return on capital investments. It appears that 30 V.S.A. § 2923 was enacted by the Legislature in response to the holding in *Hastings v. Village of Stowe*, 125 Vt. 227, 214 A.2d 56 (1965). The statute does not limit the generation of a rate of return to pay bonded debt only. The record offered does not refute the exercise of sound and discriminating judgment on the part of the Board.

*Latourneau* v. *Citizens Utilities Co.*, 125 Vt. 38, 47, 209 A.2d 307 (1965). In any event, taking the cost of money as a sole basis for return adversely affects the petitioner, since the cost of borrowing is generally less than both the cost and rate of return of equity.

■ The public next claims the Board erred in allowing a contribution in lieu of taxes based upon one-half of the net book value of the village plant. Evidence was introduced at the hearing that the book value of the plant was $650,148.75, and that one-sixth, or $108,358.08, was the approximate value of the village portion. The public argues that a municipality is entitled to a contribution equivalent to whatever property taxes a private utility would pay and, to determine that contribution, some evidence must be presented to establish the fair market value of the property, a procedure similar to property taxation generally. *Hastings* v. *Village of Stowe, supra,* recognized that a municipality may suffer a detriment by way of lost taxes and should be entitled to some compensation when facilities of a publicly owned utility are located in a village. However, in *Town of Barnet* v. *New England Power Co.*, 130 Vt. 407, 412, 296 A.2d 228 (1972), we stated that the bases of valuation for tax and for rate making purposes are different. Thus, in the case at bar, the fair market value does not have to be determined. The determination and method employed here were within the competence and judgment of the Board. *Latourneau* v. *Citizens Utilities Co., supra.* No error is shown. Further it appears that the method used was not the most favorable one for the Department.

■ The public claims the Board erred in allowing the rate case expenses, found to be $22,675, to be recovered in one year. Traditionally, rate case expenses have been recovered over a three-year period, but in view of 3 V.S.A. § 810(4), the Board has the authority to make reasonable adjustments. *Hastings* v. *Village of Stowe, supra; Latourneau* v. *Citizens Utilities Co., supra.* Particularly in view of the amounts involved here and that the entire case consumed less than one year, we find no error in the Board's determination. Its judgment on this matter did not exceed its expertise, technical competence and specialized knowledge.

■ The public claims the Board erred in allowing recoupment from the date of the filing of the petition for a rate increase to the time that the Board came to its final decision. 30 V.S.A. § 226(b) provides as follows:

> If the board orders that the changed rate shall not go into effect until final determination of the proceedings, and if, upon final disposition of the issues involved in such proceeding, the rates as finally determined are in excess of the rates in force at the time such changes are filed, then such public service company shall be permitted to amortize and recover, under the direction of the board, by means of a temporary increase over and above the rates finally determined, such sum as shall represent the difference between the net operating earnings obtained from the rates in force at the time such changes are filed and the net operating earnings which would have been obtained under the rates finally determined if applied during the period such suspension order was in effect based upon the same volume of business, or such portion of the difference as may be just and reasonable, in the judgment of the board, in view of economic changes which may have occurred since the filing.

See also *In re Allied Power & Light Co.*, 133 Vt. 586, 592, 350 A.2d 360 (1975).

There was ample evidence of economic changes during that period, for example, the costs of materials and purchased power had substantially increased. The public also claims that it was entitled to a hearing on this issue, however, no hearing is required by the statute, and in any event, the Board in its April 14, 1975, order and findings provided that "All parties shall have seven days to object in writing to this [recoupment] filing". The public objected, and the Board reviewed and rejected the public's calculations. This Court will not interfere with the informed judgment of the Board. *Hastings* v. *Village of Stowe, supra.*

■ The public claims the Board erred in determining the cost of services for Department employees. In November, 1973, one of the Department's three employees had a heart attack,

retired from work and was not replaced during the test year. The unreplaced employee's salary had been $11,100 per annum. The Board adjusted the Department's original filing for cost of service by one-half, or $5,550. Because the Board did not reduce the cost of personnel by the total yearly salary, the Board's findings are erroneous; they do not accurately reflect the known and measurable change. Although the error is of minor effect, this cause will be remanded for the purpose of making the indicated adjustment.

The next claim of error concerns the Board's order allowing a 5% pay increase ($2,728.05) in 1975 as part of the Department's cost of service. The undisputed evidence indicated that there was neither a labor contract nor a binding agreement to grant the employees a wage increase. At best, there was a statement that a wage increase would be forthcoming upon the granting of a rate increase. To allow such an increase based on projections and not actual experience is error, since it was not a known and measurable change but one based upon a contingency. *Petition of New England Tel. & Tel. Co.,* 120 Vt. 181, 187, 136 A.2d 357 (1957). On the facts here, it was not within the power of the Board to make such an adjustment. *Cf. Hastings v. Village of Stowe, supra.* This also being a minor adjustment, we will remand for the purpose of adjusting downward the rate base.

The public claims that the Board erred in including in the Department's rate base land purchased for future construction of a substation in Stowe Hollow, carried on the Department's books as "land and land rights—$7,163". The Department purchased this land for the possible construction of a substation some five years ago and has not taken any further steps since to construct a substation. For example, it has not purchased rights-of-way or otherwise obtained access to this area where there is not any public highway at this time. The Department did present evidence through its superintendent that it planned to construct the substation sometime in the future. The Board, without findings, included the property in the Department's rate base. This Court, in the case of *Petition of New England Tel. & Tel. Co.,* 115 Vt. 494, 505–06, 66 A.2d

135 (1949) laid down rules to determine whether property held for future use should be included or excluded from the rate base as follows:

> Several rules are followed in dealing with the question of property held for future use. Barnes, The Economics of Public Utility Regulation, p. 425. The one most generally adopted, and the one which appeals to us, recognizes that business judgment must be employed to anticipate future needs and that this judgment may not be arbitrarily interfered with. The test generally applied by these cases is whether the time for using the property in question is so near that it may properly be held to have the quality of working capital. (Citations omitted.)
>
> There is no merit to the claim of the company that property held for future use should be included in the rate base as a matter of law. This question, like the preceding one, is one of fact to be determined by the commission. In making this determination it should consider whether the purchase of the property in question was made in pursuance of honest and reasonable business judgment in carrying out some definite plan, for example, or whether the expenditure was dishonest, wasteful or imprudent. The time within which it may reasonably be expected that the property will be used is, as we have indicated, very important in determining the question. The commission has made no findings on any of these essential facts in support of its conclusion that the property should be excluded in determining the rate base. Thus, again, for the lack of such findings we are unable to determine whether the commission was correct in its ruling.

*Petitions of New England Tel. & Tel. Co.*, 116 Vt. 480, 487–88, 80 A.2d 671 (1951) indicates that until property is placed in public use it should be carried in a suspense account or as an investment and thus is excluded from the rate base. Without appropriate findings, the Board exceeded its power. Again, this error is of minor effect, and we remand for the purpose of adjusting the rate base downward to exclude this property held for future use.

Finally, the public's last claim of error is that the Board based its order of April 14, 1975, upon supplemental proceedings held after the hearings on the merits, and thus it considered data not in existence during the original hearings, which resulted in rates in excess of that requested by the Department. The Board's order of February 20, 1975, required that both parties update all the data to the end of the test year 1974, adjusted for known and measurable changes. This was done and the Board issued its final order without further hearings on April 14, 1975. In determining rates which are prospective, the Board should consider the latest available data. *Letourneau* v. *Citizens Utilities Co.*, 128 Vt. 129, 134, 259 A.2d 21 (1969). Absent any showing of prejudice to the public, the procedures used here were within the scope of the Board's authority and were without error.

*The order of the Public Service Board is affirmed, except for:* (1) *the inclusion in operating expenses of the salary of the unreplaced employee and projected employee wage increases; and* (2) *the inclusion in the rate base of the Stowe Hollow property held for future use. The cause is remanded for the adjustment of filed rates as is required to reflect the exclusion of these items in accordance with the views expressed in this opinion. Let the result be certified.*