### In re Towne Hill Water Co., Inc.

[422 A.2d 927]

No. 193-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Underwood, Superior Judge, Specially Assigned

Opinion Filed September 16, 1980

Motion for Reargument Denied October 23, 1980

*Rice and Knosher,* Montpelier, for Petitioner.

*Gerald R. Tarrant,* Montpelier, for Public.

**Hill, J.** Towne Hill Water Company appeals from an order of the Public Service Board which granted the Company only a portion of a requested rate increase. The Board has certified the following questions:

1. Did the Board err, on the record or on the law, in allowing petitioner $9,730 in annual revenues?
2. Did the Board err in its valuation of rate base?

The Company contends only that the Board erred in determining its rate base. It has therefore waived review of the order independent of its challenge to the calculation of rate base. *In re Burlington Electric Light Department,* 135 Vt. 114, 115, 373 A.2d 514, 516 (1977).

At a hearing before a Board examiner, the Company introduced evidence of the original cost of its plant and equipment with adjustments for depreciation and for contributions to plant additions. The rate base as calculated by the Company on this basis totaled $41,194. The appointed at-

torney for the public introduced evidence of the cost of the 1973 acquisition of the entire stock of the Company by a single shareholder. The rate base as so calculated totaled $27,025.

The Board found a rate base of $26,945. In substance it adopted the method of rate base valuation advanced by the public. It indicated that, in its view, the Company's calculation of rate base would permit rates that would give the Company a windfall at consumer expense. The Company argues that in so doing the Board acted arbitrarily, ignored the distinction between a sale of assets and a sale of stock, and in effect and without statutory authority "pierced the corporate veil." Notwithstanding the conclusory nature of these contentions, this Court has endeavored to examine the legal validity of the Board's rate base determination. We conclude that it acted in excess of its authority in reaching that determination, and reverse its order.

There is a strong presumption in favor of the validity of a Public Service Board order. *Wendland* v. *Green Mountain Power Corp.*, 132 Vt. 320, 322, 318 A.2d 668, 670 (1974). Since rate base determination is a matter within the Board's expertise, its determination is entitled to a great weight and its findings must be accepted by this Court unless they are clearly erroneous. *In re Green Mountain Power Corp.*, 138 Vt. 213, 215, 414 A.2d 1159, 1160–61 (1980).

In this jurisdiction, however, it is well established that the target of a rate base determination is the net value of the property upon which a return should be earned. *Arlington Selectmen* v. *Arlington Water Co.*, 136 Vt. 495, 498, 394 A.2d 1130, 1132 (1978) (citing *Petition of Green Mountain Power Corp.*, 131 Vt. 284, 294, 305 A.2d 571, 577 (1973); *Latourneau* v. *Citizens Utilities Co.*, 125 Vt. 38, 48, 209 A.2d 307, 315 (1965); *Petition of New England Telephone & Telegraph Co.*, 120 Vt. 181, 190–91, 136 A.2d 357, 364 (1957)). The net value in issue is not fair market value, but net investment. Assuming use for utility purposes, appropriate costs of acquisition, not shown to be excessive, unwarranted or incurred in bad faith, are to be included in rate base after depreciation. *Latourneau, supra,* 125 Vt. at 41–43, 209 A.2d at 311–12. In this case we must advance this

principle one step further and inquire—cost to whom? The corporation or the stockholder? If we determine that it is the cost to the stockholder rather than to the corporation, then the second question certified must be answered in the affirmative. If it is the cost to the corporation, then the rate base was incorrectly determined.

The reason for determining rate base supplies the answer. The rate base is one of four underlying factors in determining whether or not a utility rate is just and reasonable. *Arlington Selectmen* v. *Arlington Water Co., supra*. The Board found that the purpose of computing a utility's rate base was to "determine the net value of the property upon which a return should be earned in order to compensate investors for the risks assumed." The Board further found that the amount of the stockholder's investment in the company was substantially less than the actual historical cost of the facilities purchased. It further concluded that whether the facilities were acquired through a stock acquisition or a purchase of assets was irrelevant in determining in this case the net value of the property on which a return should be earned.

■ *Latourneau, supra,* recognized that generally rate base is determined by the formula that so-called historical or *original* cost plus capital improvements minus depreciation equals the net value of the property. *Id.* at 43, 209 A.2d at 312. Cf. *Town of Barnet* v. *New England Power Co.,* 130 Vt. 407, 412, 296 A.2d 228 (1972) (dicta in a tax case). Using the cost of the 1973 acquisition of the capital stock would substitute a new original cost. But the stockholder did not purchase the assets of the corporation nor did he establish a new business entity to provide this public service. Stockholders are not the corporation, nor do they own its property in the sense of having legal title to it, even though all the stock is owned by one person. A transfer of the capital stock does not affect the ownership of the property of the corporation; that still belongs to the corporation. *Capital Garage Co.* v. *Powell,* 96 Vt. 227, 233, 118 A. 883, 886 (1922). His claim as a purchaser of stock is merely to the assets of the corporation, subject to its liabilities.

▇ A corporation is a legal entity distinct from its stockholders and even, as in this case, from its stockholder. *Roberts* v. *W. H. Hughes Co.*, 86 Vt. 76, 88, 83 A. 807, 812 (1912). Here, it was the separate entity, the corporation, that devoted the property that forms the rate base to public use and which is entitled to reasonable compensation for that investment.

The Board's finding that the stockholder's investment in the company was less than the historic cost is not germane to the determination of a rate base. The property in question was not acquired in 1973. Original acquisition and devotion to public use is the time of "investment" in that property. The stockholder purchased stock expecting a reasonable return on *that* investment, no more and no less. Whether he purchased the stock at a discount or at a premium is irrelevant.

We are unimpressed by the Board's contention that calculating a rate of return on the rate base which the Company argues for will allow the Company a windfall. It is simply impossible to measure whether a given rate of return is reasonable or unreasonable wholly without reference to a rate base. See *Arlington Selectmen* v. *Arlington Water Co.*, *supra*. It is therefore unpersuasive to conclude that a rate base is incorrect because the return it yields is too high.

The Board erred in the valuation of the rate base, and the second question certified must be answered in the affirmative.

We do not separately deal with the first question certified as neither party briefed or argued that issue, but the substantial error in rate base computation all but requires the conclusion that the Board erred in the amount of annual revenue it allowed.

The Company further requests that this Court require that the cost of attorney's fees on this appeal be included in its test year. Beyond arguing that this request was not waived although not presented to the Public Service Board, the Company cites no authority or reasoning in support of this request. The issue is not before us. *Nzomo* v. *Vermont State Colleges*, 138 Vt. 73, 76–77, 411 A.2d 1366, 1368 (1980). It may be appropriate for consideration upon remand.

*Reversed and remanded.*