CLARENCE F. OLCOTT *v.* RICHARD N. SOUTHWORTH ET AL.

(63 A2d 189)

October Term, 1948.

Present: MOULTON, C. J., BUTTLES, JEFFORDS and CLEARY, JJ., and ADAMS, Supr. J.

Opinion filed January 5, 1949.

*John A. Swainbank* for the plaintiff.

*Arthur L. Graves* and *Frederick G. Mehlman* for the defendants.

BUTTLES, J. This cause was originally an action at law brought by the plaintiff to recover damages for the breach of a covenant against incumbrances contained in the deed of a farm executed and delivered to him by the defendants. On the defendants' motion it was transferred to the Court of Chancery in order to enable them to present an equitable defense not available to them at law. They filed an answer in the nature of a cross bill praying for reformation of the deed on the ground that the incumbrance, which was a right to take water from a spring upon the premises and to make necessary repairs to the aqueduct leading from it, was omitted from the deed, and not excepted from the covenant, by the mutual mistake of the parties. Subsequently they amended their cross bill by alleging, as an additional defense, that the covenant was not broken.

After hearing and filing written findings of fact the chancellor entered a decree dismissing the plaintiff's bill of complaint, with costs. The plaintiff excepted to the decree, which presents the question whether the decree is warranted by the pleadings and

supported by the facts as found. *Burlington Bldg. and Loan Assoc. v. Cummings,* 111 Vt 447, 452, 17 A2d 319; *Roberge* v. *Town of North Troy,* 105 Vt 134, 143, 163 A 770; *Kennedy* v. *Robinson,* 104 Vt 374, 379, 160 A 170.

According to the findings, the premises in question were conveyed on October 11, 1870 by the then owners to Emmons Stockwell by warranty deed containing the following: "Excepting one-half of the spring of .water now running to said premises, meaning to except and reserve the one-half that runs to Widow Irene Richardson's premises with the right to repair the said aqueduct when necessary." Although the foregoing language appears in a decree of foreclosure which became final in 1878, none of the nine subsequent conveyances of the property up to and including the deed from the defendants to the plaintiff, dated November 13, 1945, contain any mention of a water right, and in each of them the property is described by reference to the prior deeds and the records thereof. At the time of the execution and delivery of the deed the defendant Richard Southworth knew of the existence of the water right but made no mention of it and the plaintiff was not aware of it until about a month after he acquired title. While the cause has been pending in court the plaintiff has sold the property subject to the water right.

The mutual mistake relied upon as a ground for granting equitable relief by way of reformation of the deed is claimed to consist in the mistake of the attorney who prepared the deed and had previously searched the title as far back as a certain conveyance in 1899, and therefore, having thereby obtained no knowledge of the easement, omitted any reference to it in the instrument.

██ A mutual mistake, in equity, is one common to all the parties to the written instrument, and a mistake of a scrivener acting for all of them is mutual on their part. *Ward* v. *Lyman,* 108 Vt 464, 470, 188 A 892, and cases cited. But the oversight of a scrivener cannot be regarded as the mutual mistake of the parties, where, as in this case, a grantor knows of the existence of an easement of which the grantee is ignorant and does not communicate this fact either to the scrivener or to the grantee, but permits the deed to be drawn with a covenant against incumbrances and executes and delivers the same. Under such circumstances he cannot escape liability under his covenant on the ground of a mutual mistake. See *Pennock* v. *Goodrich,* 104 Vt 134, 140, 157 A 922.

The defendants contend that there was no breach of the covenant against incumbrances, because all that the deed conveyed was what they had received from their grantor, which, following the references to previous deeds and their records for a description of the property, was the real estate subject to the water right as originally conveyed to Emmons Stockwell in 1870. Reliance is placed upon *Chapman* v. *Longworth,* 71 Vt 228, 230, 44 A 352, where the only description in the deed there in question was that the land conveyed was the whole of that which the grantor had obtained from his predecessor in title, and the same was true of a series of prior deeds until one was found which particularly bounded and described the property so that there was no question as to its identity. It was held that this description must be read into the conveyance in issue.

There are many other decisions applying the doctrine of incorporation of description by reference, although they all refer specifically to the next prior deed, or to a survey. It is enough to say, however, that in every instance, including Chapman v. Longworth, the question concerned only the identity, location, or extent of the property and no issue as to an incumbrance thereon was before the Court. The principle does not apply to the present situation.

■■ The water right with the attendant right to enter upon the land for the purpose of repairing the aqueduct, was an incumbrance within the meaning of that term—that is, "right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant, but consistently with the passing of the fee." Bouvier Law Dictionary, (Rawle's 3rd Revision) title "Incumbrance"; *Clark* v. *Glidden,* 60 Vt 702, 705-6, 15 A 358; *Butler* v. *Gale,* 27 Vt 739, 744. It was an easement, created as easements may be when for the benefit of a third person, by way of exception. *Nelson* v. *Bacon,* 113 Vt 161, 170, 32 A2d 140.

■■ A covenant is "An agreement between two or more persons, entered into by deed, whereby one of the parties promises the performance or non performance of certain acts, or that a given state of facts does or shall, or does not or shall not exist." *Queen City Park Ass'n.* v. *Gale,* 110 Vt 110, 116, 3 A2d 529, 532. In the present case the defendants promised, by their deed, that there was no incumbrance upon the property. The covenant was

broken when the deed was executed and delivered, and the plaintiff's right of action for the breach accrued at that time. *Swasey* v. *Brooks,* 30 Vt 692, 693; *Judevine* v. *Pennock,* 14 Vt 438, 439; *Richardson* v. *Dorr,* 5 Vt 9, 19; *Bailey* v. *Agawam National Bank,* 190 Mass 20, 26, 76 NE 449, 3 LNS 98, 112 Am St Rep. 296; *Bronson* v. *Coffin,* 108 Mass 175, 188, 11 Am Rep 335. His legal position is not affected by the proposition that he had constructive notice of the easement by reason of the references to previous deeds in his chain of title. Actual notice on the plaintiff's part would not relieve the defendants from the obligation of the covenant. *Butler* v. *Gale,* 27 Vt 739, 744-5. Nor are the defendants entitled to equitable relief on the ground that the incumbrance was intended by the parties to be excepted from the covenant, as intimated in the case last cited. The fact that the plaintiff was ignorant of the existence of the easement is a sufficient answer to such a thesis.

With regard to the defense that the covenant had not been broken, it may be noted that it is legal rather than equitable in character. But it is properly in the case because when the Court of Chancery has jurisdiction for one purpose, it will retain it for a final disposition of the whole matter. *Davis* v. *Union Meeting House Society,* 93 Vt 520, 525, 108 A 704; *Holton, Admr.* v. *Hassam,* 94 Vt 324, 328, 111 A 389; *O'Brien, Admr.* v. *Holden,* 104 Vt 338, 344, 160 A 192; *Scully* v. *Dermody,* 110 Vt 422, 429, 8 A2d 675. Here the Court's jurisdiction had been invoked on the equitable ground of mutual mistake, although, as we have seen, without sufficient basis in fact.

Although it is not alleged in their cross bill the defendants also contend that the plaintiff has suffered no damage. This claim is founded upon findings that the plaintiff paid $5500 for the farm and personal property thereon; that during his ownership he spent $519.00 for improvements and sold stumpage for $1500; and that, when he disposed of the property, in 1947, he received $5000 for it, including the tools.

These findings are quite beside the point. The damages are to be ascertained as of the time of the breach of the covenant, which, in this case, constituted not a contingent but an absolute debt. The owner of the easement asserted his right thereto by continuously taking the water after the plaintiff came into possession and title of the farm. See *O'Connor* v. *Estate of Lape,* 110 Vt 217, 220, 3 A2d 554, and cases cited. Since the incumbrance was

of a permanent nature and not removable at the will of the purchaser of the premises, the plaintiff, as covenantee, is entitled to recover a just compensation for the real injury resulting therefrom. *Harrington* v. *Bean,* 89 Me 470, 36 A 986, 988; *Bailey* v. *Agawam National Bank, supra; Richmond* v. *Ames,* 164 Mass 467, 477, 41 NE 671. See also *Smith* v. *Sprague,* 40 Vt 43, 46. The damages may be measured by the difference in the value of the land at the time of the conveyance without the easement and with it. *City of New York* v. *N. Y., South Brooklyn Ferry and Steam Trans. Co.,* 231 NY 18, 131 NE 554, 16 ALR 1059, 1061; Annotations, 61 ALR 72 ff.; 100 ALR 1199 and cases cited. The fact that during the pendency of this cause, the plaintiff has sold the property, does not detract from his right of recovery. See *Clement* v. *Bank of Rutland,* 61 Vt 298, 301, 17 A 717, 4 LRA 425.

The findings of fact, as made, contain nothing concerning damages. The cause will be remanded for further findings upon this issue, in order that an injustice may be avoided. The defendant's cross bill, which is without merit must be dismissed. *Ellingwood* v. *Ellingwood,* 91 Vt 134, 138, 99 A 781. The plaintiff, and not the defendants, is entitled to a decree.

*Decree reversed. Decree for the plaintiff to recover his damages. Cause remanded for further proceedings, including further hearing, if required, and additional findings on the question of damages. The defendants' cross bill is dismissed.*