# East Montpelier Development Corporation v. Barre Trust Company and Reginald Abare

[ 253 A.2d 131 ]

February Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Hill, Supr. J.

Opinion Filed April 1, 1969

*John A. Burgess, Esq.,* for the Plaintiff.

*Theriault & Joslin* and *Sten Lium, Esq.,* on the brief, for Reginald Abare.

**Keyser, J.** This is an action to recover damages for breach of covenant in a warranty deed of real estate. Defendant, Barre Trust Company, defaulted and liability was conceded by defendant Abare. The cause was heard by court, the sole issue being the question of damages. After hearing and findings, the court entered judgment for the plaintiff to recover the sum of $1,132.50 plus interest and costs of $156.00, or a total of $1,288.50. The case is here on appeal by plaintiff which challenges the propriety of various findings which it claims are either contrary to or unsupported by the evidence and excepts to the judgment.

On September 12, 1966, the plaintiff acquired title from A. Charles Fernandez and John J. Staab to the so-called Morse farm of 285 acres located in East Montpelier, the conveyance being by warranty deed with full covenants. Fernandez and Staab acquired their title from the Barre Trust Company on August 18, 1966, also by warranty deed with full covenants. Plaintiff corporation was formed by Fernandez and Staab by Articles of Association filed August 11, 1966, for the purpose, among others, of dealing in real estate for development and construction of homes and residential buildings.

Shortly after the corporation had acquired title to the property it was discovered that there was an outstanding lease on one-half acre of land given in April 1953, for ten years with the right to renew for a second ten-year period. Under the right of renewal the lease had an unexpired term of six and one-half years on the date the bank gave its deed to Fernandez and Staab. The amount of annual rental required to be paid was $25.00. There was an old, two-story building on the land which had been fixed up by the lessees for a camp. The lease included the right to stock, post and fish the Mallory Brook, so-called, which ran through the Morse farm. The land and the camp building borders on this brook. The lease also provided for a right of way to reach the land from the highway and the right of the lessees to remove the camp building within thirty days from the termination date of the lease. The lease was originally given to five individuals but by conveyances there were only three at the time the farm was sold to Fernandez and Staab. One of the original lessees conveyed his interest in

1959 without payment because he had outstanding payments for his share of taxes and other costs in connection with the property. One other of the original lessees sold his interest in 1964 and was given a note for $100.00 in payment of his fractional interest in the building and lease rights.

■■ Our established law is that a finding must stand if supported by any credible evidence, although there may be inconsistencies or even substantial evidence to the contrary. It is the trier of fact to whom is given the determination as to the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony. All conflicts are resolved against the excepting party. *Smith* v. *Lentini, Extr.,* 125 Vt. 526, 528, 220 A.2d 291.

■■ The plaintiff excepts to that part of Finding No. 11 which states that the court "cannot find that it (plaintiff) ever has had any development plans for the acreage which it acquired." Plaintiff's claim that there were development plans is not supported by the evidence. Whether or not there was any development plans is immaterial to the issue of damages. Moreover, damages in this case are to be ascertained as of the time of the breach of covenant. *Olcott* v. *Southworth,* 115 Vt. 421, 425, 63 A.2d 189. The breach here occurred on August 18, 1966, when the bank executed and delivered its deed to Fernandez and Staab, not when they conveyed to the plaintiff on September 12, 1966. This exception is without merit.

■■ Plaintiff next excepts to the following sentence which appears in Finding No. 23: "The camp sits on the edge of Mallory Brook in an area having the appearance of a ravine." The objection is to the descriptive phrase "having the appearance of a ravine." The court viewed the area and a photograph of the camp and brook was in evidence. The persuasive effect of the evidence is not for the Supreme Court but for the trier of fact. *Crossman* v. *Crossman,* 124 Vt. 127, 129, 197 A.2d 818.

But, whether true or not, plaintiff has failed to point out in what manner this characterization of the area is harmful. As appellant, the plaintiff must demonstrate that the claimed error was prejudicial and injuriously affected his rights. *Jaqueth* v. *Guilford School District,* 123 Vt. 382, 383, 189 A.2d 588. And furthermore, the finding clearly could not have been a material factor in the decision reached by the court on the issue of damages. To be error the finding must have had this effect. *Siebert* v. *Siebert,* 124 Vt. 187, 193, 200 A.2d 258.

Finding No. 28 excepted to by plaintiff reads as follows:

"John Donnelly, one of the lessees, testified that he would extinguish the lease for the sum of Five Thousand Dollars ($5,000.00) which price would include the building upon which he placed a value of Two thousand one hundred nineteen dollars ($2,119.00), which value is in accordance with an insurance appraisal replacement cost. The figure of Five thousand dollars ($5,000.00) was not shown to be one arrived at after consultation with the co-lessees who did not testify in the case."

Plaintiff cites the testimony of its witness Donnelly, one of the lessees, which it urges expressly refers to the lease interest only. On direct examination the witness was asked this question: "Have you and the other owners of the lease interest set a figure of the value for which you will extinguish the interest?" He answered in the affirmative and said the value was $5,000.00. Plaintiff claims no contrary evidence was ever developed but the transcript shows the following is the re-direct examination of this witness:

"Q. You have indicated a value for relinquishing your rights under the lease; does that include the sale of the building on the premises or is that preserving to yourselves the right to remove the building. A. Including the building that's on the premises."

Moreover, the first sentence of Finding No. 28 is merely a recitation of what the witness testified to. As such, it is not a finding of the facts contained in the testimony related and cannot be so construed. *Krupp* v. *Krupp,* 126 Vt. 511, 514, 236 A.2d 653.

Whether the figure of $5,000.00 was the result of consultation with the other lessees is neither material nor essential to the disposition of the appeal. *O'Brien* v. *Comstock Foods Inc.,* 123 Vt. 461, 468, 194 A.2d 568. This exception to Finding No. 28 is without merit.

The appellant challenges Findings Nos. 29 and 34 as being contrary to the evidence.

In briefing these exceptions the plaintiff merely refers us to the pages of the transcript where the testimony of three of its witnesses starts and says the evidence of these witnesses is contrary to "these editorial comment findings of the court." Plaintiff adds only that the findings are contrary to this evidence and without evidentiary base.

The plaintiff thus leaves it to us to search the transcript of the testimony of these witnesses to determine what evidence, if any,

there is which would reject the findings. Our attention is not directed to anything in the record which would indicate that the findings are contrary to the evidence. This Court is not required to search the record for evidence to form a basis on which to reverse the judgment. *Gould* v. *Gould,* 110 Vt. 324, 331, 6 A.2d 24.

The court stated in No. 29 that it "is unable to find the cost of extinguishment set by Mr. Donnelly as the proper measure of damages in this case. No testimony was offered as to the fair market value of the half acre of land." The only testimony as to damages presented by plaintiff's witness Donnelly was that he and the other owners had "set" a figure of $5,000.00 to extinguish the lease interest. This does not establish the fair market value of the leasehold interest and we find no evidence of such value in the record presented. Witness Staab testified that the Morse farm had a road frontage of 2 to 2½ miles and the asking price for an acre of his land was $1,500.00. Also there is no evidence of the value of acreage as of August 18, 1966 in any of the other areas of the farm.

Error in Findings Nos. 29 and 34 is not demonstrated by plaintiff.

The appellant next contends that Finding No. 36 is contrary to the evidence. The finding reads:

"After a consideration of all the evidence and weighing the credibility of each witness, the location of the one-half acre of land, the building thereon, the fishing rights, the right-of-way to the camp, the acreage of the total tract, and the relationship of the one-half acre to the whole tract, we cannot find the relative value of the part to which the title failed bears to the purchase price of the whole estate without engaging in speculation or conjecture, and therefore we do not so find the same."

Plaintiff argues that the testimony in the transcript, pages 98-140, are replete as a basis for the findings without speculation. It points out that Witness Bonazzi testified as to the adjusted fair rental value, Witness Gallup testified as to the fair value of the lease computed as a factor of total tract value, and Witness Staab testified as to per acre values in the area adjacent.

The meaning of the statement of the court that it could not find "the relative value of the part to which the title failed bears to the purchase price of the whole estate," means that in the trier's judgment the credible testimony did not produce a preponderance of evidence

upon this subject sufficient for a finding to be made to this effect. *Crossman* v. *Crossman, supra,* at page 130, 197 A.2d 818. It is not until the facts and circumstances produced below are so decisive that there can be no difference of opinion on the question that this Court will become concerned with it. *Id* at page 131, 197 A.2d 818.

Witness Bonazzi, a banker, was called as an expert. He testified the camp would be rented to Goddard Colege students from September to June for $55.00 a month. However, he said that before this was possible the plaintiff would have to winterize the camp, bring in electricity and provide for upkeep and cleaning, He further testified the camp could be rented for July and August for $200.00. The court properly disregarded both here and in Finding No. 38 the testimony of the rental value to the college students given by Mr. Bonazzi. The condition of the property must be considered as of August 18, 1966, not after the plainiffs acquired title. *Olcott* v. *Southworth, supra.* On that date the available use of the camp property in its then condition was during the summer months and the rental value for that period was, as the witness testified, $200.00.

Witness Gallup, a lister of the City of Montpelier, was also called as an expert. He testified that in his judgment the existence of the lease would damage the property by 10% of its fair market value for "economic obsolescence." The weight and persuasiveness of this evidence was for the court and it did not believe this to be true. This witness did not give an opinion as to the fair market value of the total property nor was an opinion given by any witness as such value. The only indication of value as to the whole farm was the evidence that Fernandez and Staab paid $42,000.00 for it. This fact, as the record shows plaintiff's attorney stated, "does not necessarily establish its fair market value." As for Witness Staab he only testified as to the asking price of $1,500.00 for an acre having road frontage. One witness for the defendant fixed the annual rental value at $50.00.

In the posture of the evidence shown by the record, Finding No. 36 is without error.

Plaintiffs excepted to Finding No. 38 wherein the court found that the premises could bring a summer rental of $200.00 and that it disregard the testimony of Witness Bonazzi that they could be rented to Goddard College students during the winter.

The finding of the summer rental value is the precise testimony of Bonazzi. As we stated, *supra,* the court properly refused to find any winter rental value to the property. There is no error in this finding.

The plaintiffs' exception to the judgment raises only the question of whether the judgment order is supported by the facts found. *Miller* v. *Miller,* 124 Vt. 76, 78, 197 A.2d 488.

This court must construe findings so as to support the judgment if possible. *Nat'l Grange Mutual* v. *Churchill,* 126 Vt. 428, 432, 234 A.2d 334.

The judgment is based on the finding that the summer value is the sum of $200.00. With six and one-half years unexpired on the lease and giving credit for the annual payments of $25.00 to be made, the court entered judgment for $1,132.50 damages.

We find no indication in the record that the case was tried on any specific theory of damages. However, the record shows both parties introduced evidence on the theory of the rental value of the leased premises. The court accepted this value as the basis of proven damages in its findings of fact. Such value was fairly and reasonably supported by the evidence. Whatever the rule of damages to be applied in the case may have been, the only ingredient of damages available to the court on the evidence presented by the plaintiff was rental value. This court is not called upon to pass upon the propriety of rule of damages applied by the court. The plaintiff is entitled to recover only such damages as it has properly shown. *Levey* v. *Hall,* 119 Vt. 143, 151, 120 A.2d 568.

The findings support the judgment and will be affirmed.

*Judgment affirmed.*