# In re Application of Hemco, Inc.

[283 A.2d 246]

No. 40-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 5, 1971

*Theriault & Joslin,* and *Sten Lium,* Montpelier, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Fred I. Parker,* Deputy Attorney General, for the State.

**Barney, J.** The plaintiff, Hemco, Inc., sought the approval of the Water Resources Board for the construction of a dam on the Mad River. The proposed dam would impound a small lake of some twenty-one acres, intended to enhance the recreational attractiveness of residential developments planned in the area. The dam would have no electrical generation function or capacity.

After hearings, the board made findings and rejected the application as not serving the public good. The plaintiff questions one of the findings specifically as not supported by the evidence, the findings generally as too vague and uncertain to permit adequate review, and asserts that the decision itself was arbitrary, capricious and an abuse of discretion.

As part of the last point the plaintiff complains that the aggregate behaviour of the chairman of the Water Resources Board, during the proceedings, demonstrated an improper partisanship inappropriate to the Board's function as a quasi-judicial tribunal. This assertion was met by a motion to strike on the basis that the claims are unsubstantiated, untrue, and not to be found in the record of the proceedings. The motion further contends that no evidential opportunity has ever been presented to develop the truth or falsity of these claims, or to present them for determination before any appropriate judicial fact-finder.

Since our examination of the record before us reveals no evidence of improper partisanship or disqualifying bias such as to contaminate the decision of the Board, we will grant the motion to strike the allegations as unfounded. We do pause to comment, however, that such complaints do arise, from time to time, particularly in heated controversies. It is the duty of those acting in such judicial capacities to keep constantly in mind their duty of impartiality and avoidance of bias. Difficult though it may be, in order for this Court to fairly review a complaint of prejudicial conduct in this area, the aggrieved party must see that it is sufficiently evidenced on the record. *Eno* v. *City of Burlington,* 125 Vt. 8, 15, 209 A.2d 499 (1965). See also Leslie L. Conner, *The Trial Judge, His Facial Expressions, Gestures and General Demeanor— Their Effect on the Administration of Justice,* 6 Am. Crim. Law Q. 175, 182 (1968).

■ ■ The plaintiff specifically complains that the evidence does not support the particular finding that the impoundment will threaten the stream-bed with erosion below the dam by intercepting the suspended material now making a protective deposit on it. This evidence came in from a witness testifying at the hearing. This witness read a statement into the record, a procedure which the plaintiff claims deprived it of the opportunity to effectively cross-examine him. There was no lack of opportunity. The witness was present, in person, on the witness stand, and under oath. The fact is that no cross-examination was undertaken. The plaintiff also attacks the propriety of evidence submitted by written statement. 3 V.S.A. § 810 (1) specifically provides, as part of the Administrative Procedure Act, that, "any part of the evidence may be received in written form." A complaint might lie against such device if cross-examination were in fact attempted but, demonstrably, could not possibly be made to be an adequate test of the testimony. Nothing of the kind is shown here, and there is no error.

Approval of an application to build a dam requires, under 10 V.S.A. § 709, a determination by the Water Resources Board that the plans and specifications provide adequately for the public safety and that construction will serve the public good. The determination of the issue of "public good" must follow the requirements of 10 V.S.A. § 706 for findings of fact on each of nine specified issues.

It is uncontested that the findings of the Water Resources Board embraced the required issue of public safety and public good. Further, it is unchallenged that findings were made in connection with each of the specific issues required by 10 V.S.A. § 706.

What is questioned by the plaintiff is, essentially, the quality of those findings. It asserts that the findings are so indefinite and imprecise that intelligent review of the basis for the order entered cannot be accomplished. The duty of a reviewing court has been many times stated. *East Montpelier Development Corp.* v. *Barre Trust,* 127 Vt. 491, 494, 498, 253 A.2d 131 (1969), states that a finding must stand if supported by any credible evidence and that this Court is bound to construe findings so as to support the judgment.

 Under the provisions of 3 V.S.A. § 812, findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. This is not a requirement that the administrative tribunal must, to avoid error, report all of the evidence or exhaustively state the effect given subordinate facts. See *In re Lake Seymour*, 117 Vt. 367, 373, 91 A.2d 813 (1952). Here, it sufficiently appears that the facts reported in the findings are supported by evidence and have been explicitly related to the issues required to be passed upon by the statutes. They are sufficient in law.

 The plaintiff, as a last point, claims that, in the light of the evidence, the judgment reached by the Water Resources Board was arbitrary and capricious. The contention is that the elements in favor of "public good" far outweighed, in any rational view, the elements held to be opposed to this "public good." In other words, it is claimed to be the duty of this Court to overturn a judgment that puts the preservation of sports fishing, undamaged stream bed and white water canoeing ahead of increased town tax revenues and alternative recreational benefits. To so rule, this Court would have to determine that the conclusion made by the Water Resources Board was unreasonable and unsupportable as a matter of law. This decision we are not prepared to make, and to otherwise interfere with the decision would be an improper invasion of the competence of this agency. *Petition of Central Vermont Public Service Corp.*, 116 Vt. 206, 217, 71 A.2d 576 (1950).

*Order affirmed.*