## Petition of Peter E. Wendland v. Green Mountain Power Corporation

[318 A.2d 668]

No. 129-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 2, 1974

*Jeffords & Rice,* Montpelier, for Public Service Board.

*Peter E. Wendland, pro se.*

*Paul D. Sheehey, Esq.,* Burlington, for Defendant.

Shangraw, C.J. This is an appeal from an order of the Public Service Board directing the Green Mountain Power Corporation to provide the appellee with electric service under the terms of the Board's General Order No. 36.

The appellee has owned land in Monkton, Vermont, since 1967. In 1969 he made his first application for power to the

Central Vermont Public Service Corporation. After considering his application, that corporation referred him to the Green Mountain Power Corporation. In August, 1972, after being passed back and forth between the corporations at least three times, appellee applied to the Public Service Board for a determination, pursuant to 30 V.S.A. § 249(b), as to what utility company would be responsible for providing him with electric service. In October, 1972, the Green Mountain Power Corporation accepted him as a customer.

In November, 1972, the Green Mountain Power Corporation applied to the Public Service Board for an exemption from the provisions of General Order No. 36 relating to single-phase line extensions and requested permission for a special contract with the appellee. The proposed contract would require the appellee to pay the full cost of extending the existing power line to his property, with a refund of one-third of his monthly energy bills for ten years. Under General Order No. 36, the corporation would be required to absorb most of the initial cost of the extension, recovering its costs from the general rate payers over a period of several years. Since the appellee's application for power in 1969, three General Orders affecting payment for line extensions have been issued, gradually shifting the cost of such extensions from the general rate payers to the customer serviced by the extension.

The matter was heard by a hearing examiner in Monkton, Vermont, on February 20, 1973. The Board made Findings and issued an Order requiring the Green Mountain Power Corporation to provide the appellee with service under the terms of General Order No. 36. The Board ruled that Order No. 36 was applicable as it was the Order in effect at the time that the appellee first applied for service. The Board further ruled that General Order No. 36 did not specifically provide for exceptions, and that the provisions of 30 V.S.A. § 229 were not applicable as no contract had been made between the parties. Green Mountain Power Corporation has appealed and the following question has been certified to this Court:

> Whether the Order of the Public Service Board is supported by the Findings and by Public Service Board General Order No. 36.

No exceptions were taken to the Board's findings, and no other questions were certified.

Appellant, Green Mountain Power Corporation, argues that although utility companies are required to sell and distribute electricity to all persons requesting such service, the sale and distribution of electricity is subject to reasonable limitations as to charges, distances, and amount of energy to be provided, 30 V.S.A. § 2801, and the charges to be borne by the appellee under General Order No. 36 are so minimal as to be unreasonable. Appellant also argues that General Order No. 36 should be construed as a rule of general application which would not apply in any case involving special or unusual circumstances.

The Public Service Board has the power to supervise electric utilities. 30 V.S.A. § 2801. The Board is endowed with general rate making authority, *Trybulski* v. *Bellows Falls Hydro-Electric Corporation*, 112 Vt. 1, 20 A.2d 117 (1941), and has jurisdiction to make orders concerning charges, rates, and service. 30 V.S.A. § 209(4); 30 V.S.A. §§ 218, 219. 30 V.S.A. § 2801 requires utility companies to sell and distribute electricity under circumstances deemed reasonable by the Public Service Board. General Order No. 36 was promulgated, pursuant to the Board's powers under 30 V.S.A. §§ 203(2), 209(4), 218, and 219, to implement 30 V.S.A. § 2801. The Order establishes reasonable charges for line extensions in accordance with the standards outlined in 30 V.S.A. § 2801, and its applicability is determined by the date upon which service is requested. *In re Petition of Village of Cabot*, 128 Vt. 604, 270 A.2d 158 (1970).

The Green Mountain Power Corporation has failed to show that the Board's Order in this case is unsupported by the Findings or that it is inconsistent with the terms of General Order No. 36. There was no showing that the distance involved, the amount of energy furnished, or the charges allowed under the Order were unreasonable. It is also clear from a reading of General Order No. 36 that the Order does not provide for special exceptions. The presumption in favor of the Board's Order is a strong one. *In re Devoid*, 130 Vt. 141, 148, 287 A.2d 573 (1972), and we can find nothing here to overcome it.

Appellant's only argument as to the invalidity of the Board's Order seems to be that the result obtained under

General Order No. 36 is unreasonable in light of later policies and General Orders of the Board. Such policies and Orders have no bearing on the merits of this case.

*Judgment affirmed. Let the result be certified to the Public Service Board.*