## David A. Atkins v. Green Mountain Power Corp.

[410 A.2d 995]

No. 23-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 7, 1979

Motion for Reargument Denied January 16, 1980

*Kolvoord, Overton & Wilson,* Essex Junction, for Plaintiff.

*Paul D. Sheehey,* Burlington, for Defendant.

**Barney, C.J.** The plaintiff is the developer of a mobile home park. The case relates to the application of certain tariffs of the defendant relating to the furnishing of electric service connections to the mobile home sites. The service connections were underground, and the work was done in three phases, each represented by a separate contract. These contracts allocated the responsibility between the parties for performance of their respective parts of the installation and determined how much the plaintiff was required to pay to the defendant as his share of the cost of the work.

The third phase of the installation fell under Public Service Board General Order No. 52. That order applied to both overhead and underground electric service extensions, and became effective August 3, 1973. Prior to that time there was no General Order applying to underground installations, but the defendant had filed a tariff, V.P.S.B. No. 272, which authorized the defendant to make certain charges in connection with such installations. The parties have settled their differences with respect to the third phase charges, and this litigation is only concerned with the contracts for phases one and two, which antedate General Order 52.

The plaintiff began the proceeding by requesting a hearing on a possible exemption with respect to his cost of the installation under General Order 52. His basic complaint relates to the defendant company's insistence that it would not provide separate transformers for each mobile home, nor would it attach the meters to each individual home. Instead, meters were installed in clusters, requiring the plaintiff to provide and install the connections, including underground cable, from the meters to each mobile home. The costs involved are substantial. Under the phase one contract the plaintiff paid the defendant $7,950.00. Under phase two he paid

$7,275.00. Additionally, he paid for trenching and backfilling in all three phases $41,947.95, and his costs for the service connections in all three phases came to $37,825.07.

The plaintiff's position before the Board was that he should be given some sort of credit or refund based on the number of service drops or connections he had had to install. This was the exception he took to the Board's findings, which denied him any recovery on his phase one or two costs. This denial was based on the Board's finding that all payments made by the plaintiff to the defendant under the contracts for line extensions were in compliance with the tariff provisions on file with the Board. Indeed, the plaintiff concedes that the tariff was applied by the Board correctly according to its terms.

The appeal to this Court takes the form of two certified questions:

> 1. Was the Board correct in denying the Petition herein and refusing to apply the provisions of its General Order No. 52 to determine the cost to Petitioner of his electric service extensions to Phases I and II of Petitioner's mobile home park?
>
> 2. Was the Board correct in applying Green Mountain Power Corporation's Tariff V.P.S.B. No. 272 to determine the above costs?

Before this Court, in his brief, the plaintiff concedes that the certified questions should both be answered in the affirmative. However, he insists that this is not, as it might seem to be, the end of the litigation. It is his contention that, although the rate called for by the tariff was undeniably assessed in this case, and correctly computed, the matter does not end there. The plaintiff contends that, as applied, even though "in compliance," the tariff produced a result as to him unfair and unreasonable.

■ Several obstacles prevent our reaching the questions now raised by the plaintiff, assuming they could be shown to have substance. The plaintiff's original claim for relief, never amended, was a petition seeking relief under section 8 of General Order No. 52. This order was correctly found by the Board to apply only to phase three of the proj-

ect, not before us. The concerns of that order having to do with "duly compensatory contributions" are not retroactive, and cannot be applied to phases one and two. *Wendland* v. *Green Mountain Power Corp.*, 132 Vt. 320, 322–23, 318 A.2d 668, 670 (1974).

Moreover, the plaintiff has not challenged the findings in any way. There is, therefore, no way he can claim that the Board erred in failing to make factual findings in support of his right to recover further costs as against the ratepayers. The tariff was concededly in force and effective at law. No justification for the Board to apply it other than according to its terms has been shown in either fact or law. Accordingly, its judgment must be confirmed here.

*The certified questions are both answered in the affirmative, and the judgment is affirmed.*