### In re Petition of Young's Community TV Corporation for a Rate Increase

[442 A.2d 1311]

No. 263-81

Present: Barney, C.J., Hill and Underwood, JJ., and Shangraw, C.J. (Ret.) and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 25, 1982

*Parker, Lamb & Ankuda, P.C.,* Springfield, for Petitioner.

*John J. Easton, Jr.,* Attorney General, and *William Griffin,* Assistant Attorney General, Montpelier, for Respondent.

**Hill, J.** Young's Community Television Corporation (Young's) petitioned the Public Service Board for a $0.55 rate increase. The Board denied the petition, and Young's has appealed the Board's action to this Court. We affirm.

Young's operates a small cable television system that serves approximately 4,012 subscribers in Vermont and 2,246 subscribers in New Hampshire. The company maintains equipment in both Vermont and New Hampshire. This division is at the center of this appeal. Young's contends that the Board underestimated the company's rate base and expenses because the Board allocated too little of the company's capital outlay and operating expenses to Vermont. Young's also claims that the rate of return used by the Board in deciding this petition is improper, and that the Board's findings were inadequate.

The standard of appellate review for the Board's orders is well established. "There is a strong presumption in favor of the validity of a Public Service Board order." *In re Towne Hill Water Co.,* 139 Vt. 72, 74, 422 A.2d 927, 928 (1980) (citing *Wendland* v. *Green Mountain Power Corp.,* 132 Vt. 320, 322, 318 A.2d 668, 670 (1974)). Decisions on matters within the Board's expertise are given great

weight, see *id.*, and the Board's factual findings will not be disturbed unless clearly erroneous. *In re Green Mountain Power Corp.*, 131 Vt. 284, 303, 305 A.2d 571, 583 (1973). With this standard in mind we turn to the specific claims of error.

The appellant challenges the Board's acceptance of an allocation method proffered by the State. The State's exhibits showed that 56.16% of the appellant's plant (computed on a cost basis) was in Vermont, and 63.17% of the company's subscribers were in Vermont. The State's accountant used the 63.17% figure in allocating costs and capital attributable to both states. He used the plant figure, 56.16%, in allocating the costs of plants serving only one state. In contrast, the petitioner offered an allocation that purported to be based upon actual use. The Board found that the petitioner's method was arbitrary and unsupported by the evidence. The Board then concluded that the State's method was reasonable.

■ ■   Selecting an appropriate accounting method for the computation of expenses and a rate base is a matter within the Board's expertise. See *In re Burlington Electric Light Department*, 135 Vt. 114, 117, 373 A.2d 514, 516–17 (1977). The State's method was supported by a witness with extensive experience in utility accounting. Given the difficulties in accurately assessing the actual use of plant by subscribers in both states, it was reasonable for the Board to adopt the State's method, which obviated these difficulties.

■ ■   The appellant also argues that the Board failed to properly apply this method in two respects. First, he challenges the allocation of some microwave equipment located in Springfield, Vermont. This contention is clearly unfounded. The testimony of the State's accountant indicated that further auditing and fact finding—in short, another accounting system—would be needed to justify the allocations for this equipment offered by the petitioner. We find no abuse of the Board's discretion in using the State's technique. Second, he contends that the State's data contained a $30,000 error in computing depreciation which polluted the result. Again, the appellant has misconstrued the record. The error

was revealed at a public hearing, and the hearing examiner specifically took note of the mistake. The Board's order used the corrected depreciation amount. Thus, no error appears.

The appellant also attacks the source of the accounting method. Young's contends that the Board was bound to accept the evidence of its expert, because Young's expert was a certified public accountant and the State's was not. This claim is untenable. Our precedent provides that experts may be qualified by experience and training, in addition to education. *In re New England Telephone & Telegraph Co.,* 135 Vt. 527, 536, 382 A.2d 826, 833 (1977). The State's witness was amply qualified under this standard, as he holds a baccalaureate degree in business and has extensive experience in utility accounting. Furthermore, although Young's expert was a certified public accountant, he had limited experience in utility accounting. These facts amply support the Board's reliance on the State's expert.

The appellant next contends that the ten percent rate of return allowed by the Board is inadequate. To the contrary, we find that it is supported by the record. Young's requested a fourteen percent increase. There was ample testimony in the record, however, that the appellant provided poor service to its customers. The Board relied on this evidence in finding that a ten percent rate of return would be reasonable. Poor service may not support an increase in the rate of return. E.g., *Arlington Selectmen* v. *Arlington Water Co.,* 136 Vt. 495, 498, 394 A.2d 1130, 1131 (1978); *In re New England Tel. & Tel. Co.,* 115 Vt. 494, 513, 66 A.2d 135, 147 (1949). Awarding a ten percent return was within the Board's discretion due to Young's record of poor service.

Finally, Young's contends that the Board violated 3 V.S.A. § 812 in failing to rule on each of its proposed findings. This argument, however, distorts the mandate of 3 V.S.A. § 812. The Board need not repeat each proposed finding. Rather, the record must show that the Board considered and decided each proposed finding. See *In re Green Mountain Power Corp., supra,* 131 Vt. at 306–07, 305 A.2d at 584–85; *In re Hemco, Inc.,* 129 Vt. 534, 537, 283 A.2d 246, 248 (1971).

58

The record in this case demonstrates that the Board complied with the statutory standard.

*Affirmed.*