### In re Petition of EMCO CATV, Inc.

[449 A.2d 949]

No. 350-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed July 7, 1982

*A. Jeffry Taylor*, Rutland, for Petitioner-Appellant.

*Samuelson, Portnow, Miller & Eggleston, Ltd.*, Burlington, for Petitioner-Appellee.

**Peck, J.** This case involves a three-way contest among appellant EMCO CATV, Inc., appellee Lake Champlain Cable Television Corporation, and Green Mountain Cable Television for the franchises to provide cable television service to designated areas in the Towns of Colchester, Georgia, and Milton, Vermont. After extensive hearings the Public Service Board awarded certificates of public good authorizing Lake Champlain and Green Mountain to serve those areas. 30 V.S.A. § 503. On appeal EMCO, the disappointed suitor for the cable television franchises, raises numerous claims of error in support of its contention that the board erred in denying it a certificate of public good.

No company may own or operate a cable television system in this state unless it receives a license and certificate of public good from the Board. 30 V.S.A. § 503. Moreover, incorporators of public service corporations must first petition the Board for a certificate of general good before they may transmit articles of association to the secretary of state. 30 V.S.A. § 102. EMCO, pursuant to 3 V.S.A. § 812, submitted to the Board a proposed finding of fact to the effect that Lake Champlain failed to file a proper § 102 application. On appeal, EMCO argues that the Board erred because it failed to rule on this proposed finding. *Petition of Green Mountain Power Corp.*, 131 Vt. 284, 306–07, 305 A.2d 571 (1973). We disagree.

▉ Lake Champlain's application in this matter was submitted on a form provided by the Board. In it Lake Champlain noted that it was a "proposed" corporation seeking a certificate of public good. From the outset of the proceedings the Board treated Lake Champlain's petition as an application for both establishment as a public service corporation under § 102 and certification pursuant to § 503. This treatment constituted, at the very least, an implied rejection of

EMCO's claim thereby satisfying the requirement of 3 V.S.A. § 812 that the Board rule on all proposed findings of fact. Moreover, we hold this ruling was itself free from error.

Turning to EMCO's next argument, we note that under § 102 the Board is required to hold a hearing to determine whether the establishment and maintenance of a proposed public service corporation will promote the general good of the state. The statute also directs the Board to order the newspaper publication of the time and place of the hearing and, most important to this case, the substance of the petition. EMCO asserts that the notice published by the Board in this case was inadequate under § 102 because it failed to state expressly that one issue to be resolved at the hearing would be whether the proposed incorporation of Lake Champlain would contribute to the general good of the state.

Although we agree with EMCO that the published notice could have been drafted with greater specificity, we nonetheless hold it adequate since it substantially complied with the provisions of § 102. The purpose of the requirement that the published notice state the substance of an applicant's § 102 petition is to ensure that all potential customers and other interested persons are adequately informed of the nature of the proceedings. There was no room for confusion in the instant case. The parties agree that Lake Champlain sought establishment as a public service corporation solely so that it could seek a certificate of public good to provide cable television service to the towns designated in the notice. The Board quite properly determined that it would waste time and resources to separate the § 102 and § 503 hearings since both were concerned with the issuance of certificates of public good and involved essentially identical factual issues. Furthermore, we note that the notice referred directly to the statutes involved.

In light of these facts we believe that the notice published by the Board reasonably informed the public of the time, place, and subject of the hearing. Accordingly, we hold that the notice requirements of § 102 were satisfied.

We next consider EMCO's claim that the Board erred in taking official notice of one of its decisions. EMCO argued

before the Board that Green Mountain was prohibited from receiving a permanent certificate of public good to serve areas in the Town of Colchester because of the Board's decision in prior proceedings described as "Docket 3718/3728." The Board, in responding to EMCO's argument, stated its understanding as to what transpired in the earlier proceedings, which apparently involved a contest between EMCO and Green Mountain for a certificate of public good. The Board made only one finding based on its review of those proceedings: that its decision there did not bar the award of a permanent certificate of public good to Green Mountain.

EMCO now argues, however, that the Board violated 3 V.S.A. § 810(4) because it did not inform EMCO of the material it intended to take official notice of or provide an opportunity for rebuttal. We find this argument to be without merit for several reasons.

First, EMCO was informed by the Board's hearing officer, appointed pursuant to 30 V.S.A. § 8, that official notice would be taken of the record in the proceedings at issue. EMCO raised no objection to this procedure, thereby waiving any claim that the material to be noticed should have been designated with greater specificity. Second, it appears that the Board referred to its earlier decision solely so that it could respond to EMCO's argument that it had res judicata effect in the instant case. EMCO cannot now argue that the Board should have ignored the record in responding to this claim when EMCO itself certainly had an opportunity to bolster its argument with facts from the record. Finally, we note that EMCO has not pointed to any evidence of which the Board took official notice that can be deemed prejudicial to its application. The only finding made by the Board in reference to the prior decision was that its resolution did not preclude an award of a certificate of public good to Green Mountain. The Board, in essence, merely rejected EMCO's legal argument. There is no claim that this interpretation is erroneous.

The remaining issues briefed by EMCO constitute challenges to the Board's finding (or failure to find) certain facts from the evidence presented. Extensive findings of fact were made by the Board in an effort to give substance to its duty

to award licenses and certificates of public good pursuant to 30 V.S.A. § 503 only if it first determines that certification will promote the "public" or "general" good of the state. 30 V.S.A. § 503. At the outset of the hearings the Board set forth the standards it considered relevant in deciding which, if any, of the applicants should be awarded a certificate of public good to operate a cable television system. These criteria were: (1) the applicant's financial strength and stability; (2) the number of channels to be offered, and ability to provide alternative services in the future; (3) a commitment to construction and in-service schedule; (4) business experience and ability; (5) proposed rates; (6) potential servicing ability; (7) number of customers to be serviced; and (8) the engineering and quality of the system.

■ Viewing the findings of fact with these criteria in mind we cannot say that any of the errors claimed by EMCO constitute grounds for reversal of the Board's decision. The findings of the Board must be accepted by this Court unless clearly erroneous. 30 V.S.A. § 11(b); *In re Weyerhaeuser Co.*, 132 Vt. 121, 123, 315 A.2d 446, 447 (1974). In reviewing such findings we must "accord proper deference to the expert and informed judgment of the Board." *Petition of Green Mountain Power Corp., supra,* 131 Vt. at 303, 305 A.2d at 583.

■ Several of the findings challenged by EMCO are indeed clearly erroneous. This does not, however, constitute grounds for reversal. The erroneous findings are not significant or prejudicial in the light of the numerous findings fully supported by the evidence that support the Board's order. In applying the criteria it deemed relevant the Board issued 119 findings of fact. Taken together they overwhelmingly support the decision reached by the Board. Accordingly, extensive discussion of the substantial evidence presented by both sides on the numerous issues in dispute would serve no useful purpose. There is no error mandating reversal.

*Judgment affirmed.*