**Northeast Petroleum Corporation of New Hampshire, Inc. v. State of Vermont, Agency of Transportation, Oreste V. Valsangiacomo, Sr., John E. Hallihan, et al.**

[466 A.2d 1164]

No. 82-392

Present: **Billings, C.J., Hill, Underwood and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned**

Opinion Filed September 6, 1983

Motion for Reargument Denied September 16, 1983

*John J. Easton, Jr.,* Attorney General, and *Richard M. Finn* and *Robert C. Schwartz,* Assistant Attorneys General, Montpelier, for Defendant-Appellant.

*Robert J. Kurrle,* Montpelier, for Defendant-Appellee.

**Underwood, J.** On November 2, 1980, plaintiff obtained a judgment and judgment lien in Washington Superior Court for $27,488.17 against Twin City Fuels, Inc., and John E. Hallihan. Thereafter, pursuant to 12 V.S.A. §§ 2901–2905 and V.R.C.P. 80.1(g), plaintiff brought suit in the same court to foreclose its judgment lien against property in Berlin, Vermont, owned jointly by the defendants, Hallihan and Valsangiacomo, and leased by them to the defendant, State of Vermont, Agency of Transportation (hereinafter referred to as State).

On January 12, 1981, prior to the January 21, 1981, recording of plaintiff's judgment lien, defendants Hallihan and Valsangiacomo granted the State an option to purchase the demised property. Pursuant to the terms of the option agreement, defendant State had to exercise its option before August 1, 1981. In the event that defendant State did elect to exercise its option, defendants Hallihan and Valsangiacomo agreed to convey title by a warranty deed free and clear of all liens and encumbrances.

In its suit to foreclose its judgment lien against the property, plaintiff moved for summary judgment. The State filed a cross-claim against Hallihan and Valsangiacomo. Valsangiacomo moved to dismiss the State's cross-claim against him. The trial court granted the plaintiff's motion for summary judgment, entered a decree of foreclosure, and ordered a public sale. It also granted Valsangiacomo's motion to dismiss the State's cross-claim against him. The State appeals this dismissal.

The deed that conveyed title to Hallihan and Valsangiacomo did not indicate the nature of their co-ownership. The court concluded they held title to the property in question as tenants in common because it was not expressly stated that they held title as joint tenants. 27 V.S.A. § 2. The court further concluded that either cotenant could convey his interest in the property to the State independent of the other. Since each tenant in common had a separate and distinct freehold in the property, the court, relying upon *Blondin* v. *Brooks*, 83 Vt. 472, 481, 76 A. 184, 188 (1910), held that there could be no privity of estate between them, and that Valsangiacomo could not be held responsible for the debts and obligations of his cotenant, Hallihan. Similarly, the court reasoned, Valsangiacomo's interest in the property could not be encumbered by plaintiff's judgment lien against Hallihan's interest in the same property.

Although there was no evidentiary hearing and therefore no findings, it is plainly evident from the admitted pleadings that Hallihan and Valsangiacomo bought the property in question in connection with a joint commercial venture. They erected buildings and other structures on it and subsequently leased it to the State. During the pendency of the lease they granted an option to the State which provided in part:

> 6. Owners as grantors will, within fifteen (15) days after the exercise of this option by the State, execute and deliver to the State of Vermont as grantee, a good and sufficient Warranty Deed to the land described herein, and will deliver possession of said real estate immediately upon delivery of said deed, free and clear of all liens and encumbrances . . . .

Hallihan and Valsangiacomo, by each signing this option agreement jointly obligated themselves to convey title to *all* the

land described in the option agreement by warranty deed, free and clear of all liens and encumbrances, should the State timely exercise its option. Neither cotenant contracted with the State to convey an interest in only half of the demised premises.

When the State did exercise its option in a timely manner, and Hallihan and Valsangiacomo executed a warranty deed of the property to the State, neither grantor purported to limit the extent of his conveyance to one-half of the property conveyed; rather, each conveyed title to all of the property. Simultaneously each cotenant covenanted with the State to warrant and defend the title to the entire parcel, and each further covenanted that the entire parcel was free and clear of liens and encumbrances.

Given their specific nature, we hold that the option agreement and the warranty deed, not the general law of tenants in common, control this case.

There was a judgment lien against the property, duly recorded on January 21, 1981, in the land records of the Town of Berlin. This constituted a valid lien or encumbrance on the property when Hallihan and Valsangiacomo conveyed it by warranty deed to the State. As such this conveyance constituted a breach of warranty, as well as a breach of the option agreement.

Valsangiacomo maintains innocence arguing that he should be absolved from liability to the State, and that the court's order dismissing the State's cross-claim against him should be affirmed. He states that he had no notice of the judgment lien when he signed the option agreement and the warranty deed, because he was not a party to the original action in which plaintiff obtained its judgment lien, and because the judgment lien did not attach to his undivided one-half interest in the property.

██ Valsangiacomo also relies upon *Blondin* v. *Brooks, supra,* to support his position. His reliance and the court's reliance on *Blondin,* however, is misplaced. We have no quarrel with the rationale in *Blondin* that tenants in common hold by unity of possession, each having separate and distinct title and freehold, and each being solely and separately seised of his share. We also agree that there is no privity of estate between tenants in common. *Id.* at 481–82, 76 A. at 188.

Notwithstanding that Hallihan and Valsangiacomo held title as tenants in common, they had a common purpose in jointly granting an option to the State to purchase *all* of the property they owned. When the State exercised its option, they were carrying out that common purpose when, by a single warranty deed, they jointly conveyed to the State *all* the property they owned. This is exactly what they contracted to do under their option agreement with the State and this is exactly what they intended to do by their warranty deed. Thus, they jointly and severally committed themselves to convey the entire parcel free and clear of all liens and encumbrances, despite the fact that the judgment lien attached only to the undivided moiety of Hallihan.

Valsangiacomo contracted in the option agreement to join with his cotenant Hallihan in conveying, by warranty deed, title to all of the land they held as tenants in common, free and clear of all liens and encumbrances. He further covenanted when he executed the warranty deed that there was no encumbrance against the property. The judgment lien was such an encumbrance, and therefore the State's cause of action for the breach of warranty accrued at that time. *Olcott* v. *Southworth*, 115 Vt. 421, 424–25, 63 A.2d 189, 191–92 (1949).

The trial court erred when it dismissed the State's cross-claim against the defendant Valsangiacomo.

*The order dismissing the cross-claim of the defendant State of Vermont, Agency of Transportation, is reversed; judgment is entered for the cross-claimant State of Vermont, Agency of Transportation, and the cause is remanded for the sole purpose of determining the damages.*