**Petition of Telesystems, Corp. d/b/a Green Mountain TV, Small Cities Cable Television, Inc. and G. O. Enterprises, Inc.**

[469 A.2d 1169]

No. 82-384

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed November 1, 1983

---

*Samuel C. FitzPatrick*, Montpelier, for Petitioner-Appellant G. O. Enterprises, Inc.

*Samuelson, Portnow, Miller & Eggleston, Ltd.* and *Michael H. Lipson* (Of Counsel), Burlington, for Petitioner-Appellee Small Cities Cable Television, Inc.

**Peck, J.** Appellant, G. O. Enterprises, Inc., was one of four cable television companies competing for Public Service Board certification to serve Shelburne and Vergennes, Vermont. It appeals an order of the Board which rejected a hearing examiner's recommendation that it be so certified.

On appeal, appellant contends (1) that the Board erred in making findings and conclusions of its own that were inconsistent with those made by the hearing examiner, and (2) that the Board's findings were unsupported by the evidence and resulted from policies reached by improper rule making. For reasons set forth below, we find that the Board's actions were within its statutory authority, its findings were supported by the evidence, and its statement of policy was a ratemaking decision limited in application to this case only. Accordingly, we affirm.

This action began as a petition to the Public Service Board (Board) by Green Mountain Cable Television, Inc. (Green Mountain) for a permanent certificate of public good to provide cable TV service to parts of Shelburne, Vermont. 30 V.S.A. § 503. It was then serving that area under a previously granted interim certificate. A hearing on the matter was held, at which another cable company, EMCO CATV, Inc. (EMCO), appeared and indicated its intention to file a competing petition

for the same area. The hearing was continued, during which time a third cable company, G. O. Enterprises, Inc. (G. O.), filed a petition for a certificate to serve the City of Vergennes. EMCO then filed its petition. Besides Shelburne, EMCO also wished to serve Charlotte, Ferrisburg, and Vergennes. Thereafter, a fourth cable company, Small Cities Cable Television, Inc. (Small Cities), filed a petition to serve Shelburne and Vergennes. Upon notice to the parties, the Board consolidated the four applications for a joint hearing.

Prior to the hearing, EMCO withdrew its application, leaving only Green Mountain, Small Cities, and G. O. as parties. At this point, the competing applications were Small Cities and Green Mountain for Shelburne, and Small Cities and G. O. for Vergennes.

As required by 30 V.S.A. § 231, hearings were convened in Shelburne, where all three parties participated, and in Vergennes, from which Green Mountain was absent. After consideration of the applications and evidence submitted at the hearings, the Board's hearing examiner made extensive findings of fact. He then applied these findings to a set of eight criteria for the certification of cable television companies that had been announced by the Board in a previous decision.*

After consideration of those standards, the examiner recommended that Green Mountain be granted a permanent certificate for that part of Shelburne it was presently serving, and that G. O. be allowed to serve Vergennes and file an application to serve the remainder of Shelburne. Small Cities filed exceptions to those findings and requested an oral hearing before the full Board.

---

* Essentially, the criteria are as follows: (1) the financial soundness and stability of both the applicant generally and the particular proposal; (2) the present proposed service offerings to customers, including the number of channels and the capability for local origination; (3) the commitment to construct and have in operation the proposed system by a specific date; (4) the applicant's experience, not necessarily in the cable TV industry, and ability to run and manage a business; (5) the rates proposed to be charged to customers; (6) the service to be provided to customers; (7) access to the system by as many customers as possible, and (8) the engineering and materials quality of the systems. In re EMCO CATV, Inc., Public Service Board Docket Nos. 4423, 4443, 4456 (decided June 4, 1981) at 31–32.

Following the hearing, and on review of the record, the Board made additional findings and conclusions. It then rejected the examiner's recommendations and all of his findings that were inconsistent with its own. The Board ordered that Small Cities be awarded a certificate to serve Vergennes and all of Shelburne. In addition, Green Mountain was directed to sell all of its cable television equipment currently in place at Shelburne to Small Cities to effectuate the order.

The ousted competitor, G. O., appeals, alleging various points of error in the Board's findings and conclusions. Green Mountain did not join in the appeal.

## I.

Appellant's claim that the Board erred in making findings of its own in place of contradictory findings by the examiner is without merit.

The Board may appoint any of its members, officers or other employees to hear a case individually. 30 V.S.A. § 8. The appointed hearing examiner must then report his findings to the Board. *Id.* It is for a majority of the Board, however, to render final judgment on those findings. *Id.* The disposition recommended by a single examiner is not binding on the Board.

> [I]t is a proper and expected function under its legislative mandate for the Board to examine the record, take additional evidence and, where required, rework the findings in the light of its own special competence. . . . The Board, having examined the record and the evidence, can proceed to make its own findings based on all the evidence in the case, without a special hearing for the purpose, and without being restrained by contrary conclusions or differing views of controverted facts by its examiner.

*Vermont Electric Power Co.* v. *Bandel,* 135 Vt. 141, 147, 375 A.2d 975, 980 (1977). In the instant case, the Board reviewed the record developed below, took additional evidence at a subsequent hearing and rendered its decision accordingly. Having acted within its statutory authority in this respect, it committed no error.

## II.

We are not persuaded by appellant's second contention that the Board's findings and conclusions were unsupported by the evidence and tainted by improper rule making.

The hearing examiner compared the evidence presented by the parties with respect to each of the Board's certification criteria. See *supra*, note. Based on that comparison, the examiner concluded that G. O. and Green Mountain had the superior proposals and should be awarded the appropriate certificates.

Small Cities asked for, and was granted, a hearing before the full Board at which it disputed the examiner's conclusions and offered additional evidence in support of its petition. It is clear that the Board felt the examiner had neglected to apply the criteria in their complete form, which led to misplaced emphasis on certain facts. The Board made its own comparison of the applications in the manner it had originally intended. In so doing, it made the following findings: (1) neither applicant was superior in financial stability or soundness; (2) Small Cities offered more channels than did G. O.; (3) both applicants could complete construction of their systems by a date certain; (4) both applicants had sufficient business experience to manage their proposed systems; (5) Small Cities proposed the same rate in Shelburne as Green Mountain, and a lower rate than G. O. for Vergennes, and the same rate charged by Green Mountain for Shelburne; (6) there is no significant difference in customer service capabilities between the two applicants; (7) Small Cities would serve more people in the combined area of Vergennes and Shelburne than G. O. would serve in Vergennes alone, and (8) the quality of the proposed engineering and materials of both applicants is substantially similar.

In light of these findings, the Board concluded that Small Cities presented the superior proposal and should be granted the certificate.

■■ On review by this Court, an agency's findings within its area of expertise are accorded great deference, and must be accepted unless clearly erroneous. 30 V.S.A. § 11(b); *In re EMCO CATV, Inc.*, 141 Vt. 385, 390, 449 A.2d 949, 952 (1982); *In re Young's Community TV Corp.*, 141 Vt. 53, 55–56, 442 A.2d 1311, 1312 (1982). The matters addressed in the Board's

conclusions are entirely within the scope of its expertise. 30 V.S.A. §§ 502, 504. The record discloses that the findings and conclusions are adequately supported by the evidence, and are not "clearly erroneous."

Finally, appellant contends that certain evidence that supported the Board's order was misleading. The higher number of channels offered by Small Cities was contingent on the use of converters by its customers. These devices were necessary to adapt older sets with only a 12-channel capacity to a system that offered 14 or 15 channels. Without the converters, the service offerings of G. O. and Small Cities were equal. Small Cities proposed charging a deposit for these devices. The Board, however, stated that it was its policy "that cable television companies provide these devices to their customers without charge." In its final order, the Board directed Small Cities to provide the converters without charge as part of its service offerings. Although Small Cities does not contest the order, appellant complains that this statement of policy was in reality a rule, within the meaning of 3 V.S.A. § 801(b)(9), and was established without regard to the procedural requirements of 3 V.S.A. §§ 836–843. Appellant further argues that it was prejudiced by this policy in that it allowed Small Cities to be compared more favorably to G. O. under the service capability and rate criteria than was warranted by the evidence.

A "rule," in the context of an agency proceeding, is defined in 3 V.S.A. § 801(b)(9) as an "agency statement of general applicability which implements, interprets, or prescribes law or policy . . . ." In the light of this definition, the wording of the Board's statement is unfortunate and misleading. On its face it appears not only to prescribe a Board policy, but to have general applicability as well. The Board placed its order in jeopardy by this improvident language, and may be well advised to exercise greater caution in expressing itself hereafter. Under this broad definition, however, many statements made by administrative bodies in the course of adjudicating matters before them may have a measure of ambiguity which subjects them to a similar interpretation. Nevertheless, this statute should not be so literally or strictly construed that their powers are limited to a degree leading to irrational conse-

quences. *Noble* v. *Delaware & Hudson Ry.*, 142 Vt. 156, 159, 453 A.2d 1109, 1111 (1982).

■■ This Court has established a strong presumption in favor of the validity of Public Service Board orders. *In re Young's Community TV Corp., supra*, at 55, 442 A.2d at 1312. Statements made in conjunction with its orders should be construed to effectuate that presumption if it is reasonably possible to do so. In the instant case, a careful reading of the Board's findings and conclusions satisfies us that this stated "policy" relating to converters is intended to apply solely to this case. We construe the Board's statement as limited to the matter before us, and not to have general applicability within the meaning of 3 V.S.A. § 801(b) (9). As thus construed it did not constitute rule making. It was merely an adjudicative decision made within the context of a contested case, and fell properly within the Board's jurisdiction over the rate structures and the nature of services provided by all public service corporations. The requirement relative to converters was, therefore, a proper exercise of the Board's power to

> order and substitute . . . rates, tolls, charges or schedules, and make such changes in any regulations, measurements, practices or acts of such company relating to its service, and . . . make such order as will compel the furnishing of such adequate service as shall . . . be found by it to be just and reasonable.

30 V.S.A. § 218(a) ; see also *In re Green Mountain Power Corp.*, 142 Vt. 373, 380, 455 A.2d 823, 825 (1983) ; *In re Central Vermont Public Service Corp.*, 141 Vt. 284, 288, 449 A.2d 904, 906 (1982).

*Affirmed.*