## Tariff Filing of VILLAGE OF LYNDONVILLE ELECTRIC DEPARTMENT

[ 543 A.2d 1319]

No. 87-021

February 17, 1988. On appeal, the presumption in favor of an order of the Public Service Board (Board) is a strong one. *Wendland* v. *Green Mountain Power Corp.*, 132 Vt. 320, 322, 318 A.2d 668, 670 (1974). This Court must defer to the Board's findings unless they are clearly erroneous, 30 V.S.A. § 11(b); *In re Green Mountain Power Corp.*, 131 Vt. 284, 303, 305 A.2d 571, 583 (1973), and the burden of proving the Board's findings and order to be clearly erroneous falls on the appealing party. *In re Green Mountain Power Corp.*, 142 Vt. 373, 381, 455 A.2d 823, 826 (1983).

A review of the record reveals that the rate design approved by the Board for the Village of Lyndonville Electric Department (LED) is neither unjust nor unreasonable and that appellant has not met his burden of proving the Board's findings to be clearly erroneous.

With respect to appellant's complaint about LED's prior rate structure, the Board had no authority to make whole either the utility company or its customers for inequities that might have existed in the past. See *In re Central Vermont Public Service Corp.*, 144 Vt. 46, 53, 473 A.2d 1155, 1159 (1984).

*Affirmed*

## In re John A. BURGESS

[543 A.2d 708]

No. 88-055

March 10, 1988. This Court received on March 2, 1988, a certificate from the Deputy Clerk to the Honorable Thelton E. Henderson of the United States District Court for the Northern District of California, demonstrating that on February 24, 1988, John A. Burgess was found guilty upon pleas of guilty to three felonies: contempt, in violation of 18 U.S.C. § 401; interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; wire fraud, in violation of 18 U.S.C. § 1343, Docket No. CR87-254TEH.

Pursuant to Administrative Order 9, § 12(a) the Court hereby suspends John A. Burgess from the practice of law before the courts of this state. This suspension shall remain in effect pending disposition of disciplinary proceedings, to be commenced pursuant to A.O. 9, § 12(d).